CHARLES RAPALLO HENDERSON, as Executor, etc., Appellant, v. JOHN C. HENDERSON, Respondent, et al., Appellants.

The will of H., after authorizing and directing his executor to "partition, divide and apportion" his residuary estate among his children living at the time of such partition, and the issue of any child or children who had died leaving issue, provided as follows: "And I do hereby give, devise and bequeath to each of my said children the share or portion of my said estate so to be partitioned, divided and apportioned to them, respectively, as aforesaid. * * * If any of my children shall die without issue before such partition and division shall be made, then I give the portion of such deceased child equally to the brothers and sisters of such deceased child. * * * If any of my said children shall die leaving issue, then the child or children (who shall be living at the time of such partition) of such deceased child of mine shall take and have the share or portion which the parent would have if living. * * * It is my will that my executor make the partition * * * as soon after my decease as practicable, having reference to the condition of my estate; but as he may find it necessary to realize upon securities, and sell and convert into money both real and personal property, * * * which he may not be able speedily to make without sacrifice and loss to my estate, he shall not be compelled to make such partition, etc., * * * until after the lapse of five years from the probate of this will." The executor was directed; until the partition of the estate, to pay $2,400 per annum to each of the children from the testator's decease, and to charge the payment to the child as part of his or her share of the estate. The executor was authorized to take entire charge of all the real and personal estate, to lease, collect rents, insure, repair, make investments, pay taxes, etc. All of the testator's children were living and of full age at

SICKELS—VOL. LXVIII. 1

the time of his decease. In an action for the construction of the will, *held,* that no valid express trust was created by the will, and the legal title to the real estate vested in the testator's children at his death, subject to the power given the executor to partition; that the direction to partition; etc., although ineffectual to create a valid trust, could be upheld as a power in trust.

A trust estate will not be implied when to do so will make the will conflict with the statute, and when the duties imposed upon the executor may be executed under a trust power.

Also, *held,* that no unlawful perpetuity was created by authorizing the executor to delay partitioning the estate for five years, as the power of sale was not suspended; and that there was no equitable conversion of the realty into personalty, the power of sale not being absolute.

Also, *held,* that one or more of the testator's children could not maintain an action for partition pending the existence of the right in the executor to exercise his powers.

Also, *held,* that the provision restricting the limitation over to such of the issue of a deceased child as "shall be living at the time of such partition," was void, as it would prevent the absolute vesting of the share in the issue of a deceased child at the time of the parent's death; but as it was inconsistent with the earlier provisions of the same clause, and unnecessary, so far as the perfecting of a testamentary scheme for disposing of the residuary estate is concerned, it should not be allowed to prevail over the preceding direction, when by cutting it off and disregarding it as a void direction, the will could be effectuated according to the plain and just intent of the testator.

If the principal disposition of a will can be upheld, ulterior, contingent limitations, which threaten violation of statutory rules respecting the ownership of property, if separable from the principal dispositions, may and should be disregarded.

The appeal was from an order of the General Term, which reversed the judgment of the Special Term and granted a new trial. The respondent moved for a dismissal of the appeal on the ground that the order was not appealable The appellant, in the notice of appeal, assented to the rendition of judgment absolute against him if the order was affirmed. *Held,* that this gave the court jurisdiction to entertain the appeal, and although judgment would have been more appropriately ordered under the decision of the General Term, in a case on the equity side of the court involving the construction of a will, as the awarding of a judgment absolute would work no prejudice, motion denied.

*Henderson* v. *Henderson* (46 Hun, 509) reversed.

(Argued February 8, 1889; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made December 13, 1887, which reversed a judgment construing the will of John C. Henderson, deceased, entered upon a decision of the court on trial without a jury.

The material facts are stated in the opinion.

*S. F. Rawson* for plaintiff, appellant. The court should have endeavored to sustain the will. (*DuBois* v. *Ray*, 35 N. Y. 162 ; *Post* v. *Hover*, 33 id. 601 ; *Harrison* v. *Harrison*, 36 id. 543 ; *Roseboom* v. *Roseboom*, 81 id. 356 ; *Van Nostrand* v. *Moore*, 52 id. 12 ; *Van Vechten* v. *Keator*, 63 id. 52 ; *Oxley* v. *Lane*, 35 id. 340 ; *Savage* v. *Burnham*, 17 id. 572 ; Jarman on Wills, 257 ; *Timpson's Estate*, 15 Abb. [N. S.] 230.) There is an absolute and immediate gift to the children, and the time for division is not postponed an instant by the will. The direction of the will is for immediate sale and for division, subject only to the limitation that the executor may "await a more favorable market." (*Brewer* v. *Brewer*, 11 Hun, 147 ; *Brewer* v. *Penneman*, 72 N. Y. 603 ; *Heermans* v. *Robertson*, 64 id. 332 ; *Brewster* v. *Striker*, 2 id. 19 ; *Tucker* v. *Tucker*, 5 id. 409 ; *Ward* v. *Ward*, 105 id. 68 ; *Garvey* v. *McDevitt*, 72 id. 556 ; *Hobson* v. *Hale*, 95 id. 588 ; *Robert* v. *Corning*, 89 id. 237 ; *Ham* v. *Van Orden*, 84 id. 257 ; *Manice* v. *Manice*, 43 id. 303.) The power of sale in this will as a naked power is valid, and effectual to estop partition until cut off. (*Robert* v. *Corning*, 89 N. Y. 237 ; *Catton* v. *Taylor*, 42 Barb. 578 ; *Blanchard* v. *Blanchard*, 6 N. Y. S. C. R. [T. & C.] 551 ; *McGregor* v. *McGregor*, 22 Week. Dig. 305 ; *Prentice* v. *Jansen*, 79 N. Y. 482 ; *Hetzel* v. *Barber*, 69 id. 7, 12 ; *Kinnier* v. *Rogers*, 42 id. 53 ; Jarman on Wills, 536 ; Code, § 1537 ; *Voessing* v. *Voessing*, 12 Hun, 678 ; *McKeon* v. *Kearney*, 57 How. 349 ; *Van Schuyver* v. *Mulford*, 59 N. Y. 426 ; *Chipman* v. *Montgomery*, 63 id. 221 ; *Weed* v. *Weed*, 94 id. 243 , *Theirs* v. *Theirs*, 98 id. 568 ; *Drake* v. *Drake*, N. Y. Daily Reg., Oct. 9, 1886 ; *Sullivan* v. *Sullivan*, 66 N. Y. 37 ; *Morse* v. *Morse*, 85 id. 53.) The power of alienation is not illegally suspended. (*Kinnier* v. *Rogers*, 42 N. Y. 535 ; *Crittenden* v. *Fairchild*,

41 id. 289 ; *Post* v. *Hover*, 33 id. 593 ; *Downing* v. *Marshall*, 23 id. 366 ; *Robert* v. *Corning*, 89 id. 225 ; *Stewart* v. *Hamilton*, 37 Hun, 19 ; *Hillyer* v. *Vandewater*, N. Y. Spec. Term, 1888.) The shifting of the beneficiaries provided for by the sixth clause of the will is a valid provision and does not tend to suspend the power to alienate the estate. ( *Van Derzee* v. *Slingerland*, 103 N. Y. 47 ; *Beardsley* v. *Hotchkiss*, 96 id. 201 ; *Cooke* v. *Platt*, 98 id. 35 ; *Robert* v. *Corning*, 89 id. 225 ; *Morse* v. *Morse*, 85 id. 53.) The words of gift here are almost identical with *Nellis* v. *Nellis* (99 N. Y. 513); *Buel* v. *Southwick* (70 id. 581). (*In re N. Y. L. & W. R. R. Co.*, 105 N. Y. 89, 92 ; *Kelso* v. *Lorillard*, 85 id. 177 ; *Vanderzee* v. *Slingerland*, 103 id. 47 ; *Manice* v. *Manice*, 43 id. 303 ; *Robert* v. *Corning*, 89 id. 225 ; Lewis on Perp. chap. 28, 531, 554 ; Gray on Perp. 306, § 476 ; Wash. on R. Prop. 332, 625.) As there was a valid trust created by the fifth subdivision of the sixth clause of the will, as to any who were minors at the time of testator's death, the will must be upheld as a whole. ( *Van Schuyver* v. *Mulford*, 59 N. Y. 426 ; *McKeon* v. *Kearney*, 54 How. 349 ; *Jost* v. *Jost*, 22 Alb. L. Jour. 135 ; *Robert* v. *Corning*, 89 N. Y. 237 ; *Cooke* v. *Platt*, 98 id. 35 ; *Konvalinka* v. *Schlegel*, 104 id. 130 ; *Chamberlain* v. *Taylor*, 105 id. 185, 192 ; 2 R. S. 1116 [Bank's 6th ed.] § 128 ; *Reed* v. *Underhill*, 12 Barb. 113 ; *Skinner* v. *Quinn*, 43 N. Y. 99.) A power to partition and divide is good in law. (*Craig* v. *Craig*, 3 Barb. Ch. 98 ; *Root* v. *Stuyvesant*, 18 Wend. 265 ; Sugden on Powers, 538 ; *Shannon* v. *Picke'l*, 2 N. Y. State Rep. 160.)

*Edward S. Rapallo* for defendants, appellants. The provisions of the will do not unlawfully suspend the power of alienation of the real estate, whether the will be regarded as creating a trust with title in the executor or as granting to the executor certain powers in trust. (*Robert* v. *Corning*, 89 N. Y. 225, 239 ; *Blanchard* v. *Blanchard*, 4 Hun, 287 ; 70 N. Y. 615 ; *Hobson* v. *Hale*, 95 id. 588 ; *Knox* v. *Jones*, 47 id. 389, 398 ; *Schettler* v. *Smith*, 41 id. 328 ; *Tiers* v. *Tiers*,

98 id. 568; *Harrison* v. *Harrison*, 36 id. 543, 547; *Haxton* v. *Corse*, 2 Barb. Ch. 506; *Darling* v. *Rogers*, 21 Wend. 483, 488; *Kennedy* v. *Hoy*, 105 N. Y. 134; *Van Schuyver* v. *Mulford*, 59 id. 426; *Ward* v. *Ward*, 105 id. 68; *Savage* v. *Burnham*, 17 id. 561, 566.) The shares must be regarded as vested at testator's death. (*Warner* v. *Durant*, 76 N. Y. 133; *Everett* v. *Everett*, 29 id. 39, 75, 76; *Radley* v. *Kuhn*, 97 id. 26; *Beekman* v. *Bonsor*, 23 id. 298.) The power given to the executor to partition the land is valid, irrespective of the validity of the power to sell or to collect the rents; this power to partition is not rendered invalid by the provision that its exercise cannot be compelled within five years. The powers to sell, to partition and to possess and collect the rents and profits, taken together, in connection with each other, are valid. (*Crittenden* v. *Fairchild*, 41 N. Y. 289; *Hetzel* v. *Barber*, 69 id. 1; *Downing* v. *Marshall*, 23 id. 366, 379.) No devise of the estate by implication, upon an express trust, with title in the executor, should be construed from the terms of the will, if the result of such interpretation would be a void trust, created by implication. (*Robert* v. *Corning*, 89 N. Y. 225, 239; *Cooke* v. *Platt*, 98 id. 36; *Downing* v. *Marshall*, 23 id. 366; *Brewster* v. *Striker*, 2 id. 19; *Konvalinka* v. *Schlegel*, 104 id. 125; *De Kay* v. *Irving*, 5 Denio, 646; *Haxton* v. *Corse*, 2 Barb. Ch. 506, 519; *Post* v. *Hover*, 33 N. Y. 593, 599, 601; *Smith* v. *Edwards*, 88 id. 102.) The executor and six of the defendants appealed from the decision of the General Term, yet any of the parties had a right to take this appeal, and the construction of this will by this court will be binding upon all, under the conditions presented by the pleadings. (*Ward* v. *Ward*, 105 N. Y. 69; *Williams* v. *W. U. T. Co.*, 93 id. 194.)

*Francis Forbes* for John C. Henderson, respondent. The ultimate disposition of the property upon the partition and distribution provided for in the will is void. (*Cook* v. *Lowry*, 95 N. Y. 104, 108, 111; *Hutton* v. *Benkard*, 92 id. 295; 1 R. S. 773, § 2; Id. 722, §§ 7, 10, 13; *Smith* v. *Edwards*, 88

N. Y. 92; *Hobson* v. *Hale*, 95 id. 588, 610, 611; *Vanderzee* v. *Slingerland*, 103 id. 47, 55; *In re N. Y. L. & W. R. R. Co.*, 105 id. 89; *Avery* v. *Everett*, 110 id. 317; *Leake* v. *Robinson*, 2 Mer. 363, 381, 384; *In re Sanderson*, 3 K. & J. 507, 508, 509; *Watson* v. *Hayes*, 5 My. & C. 125; *Livesey* v. *Livesey*, 3 Russ. 287; 1 Jarman on Wills [Bigelow's ed. 1881] 844, 845, 854; Tudor's Lead. Cas. on Real Prop. [1st ed.] 361; [2d. Eng. ed.] 465, note; *Curtis* v. *Lukin*, 5 Beav. 147; *Robert* v. *Corning*, 89 N. Y. 225; *Cooke* v. *Platt*, 98 id. 35.) The will did not create a valid trust. (*Cooke* v. *Platt*, 98 N. Y. 35, 37, 38, 39; *Heermans* v. *Burt*, 78 id. 259; *Konvalinka* v. *Schlegel*, 104 id. 125, 130; *Chamberlain* v. *Taylor*, 105 id. 185, 192; Revisers on the Articles of Uses and Trusts, 5 N. Y. Stat. [Edmund's ed.] 581; 2 Story Eq. Jur. § 1064 a; 2 Williams on Executors, 1360 [Perkins Am. ed. 1463]; *Delaney* v. *Van Aulen*, 84 N. Y. 16; *Lang* v. *Ropke*, 5 Sandf. 363, 371; *Hoes* v. *Van Hoesen*, 1 N. Y. 120; *Kelsay* v. *Western*, 2 id. 500.) The powers attempted to be conferred upon the executor and his associate by the will cannot be sustained as powers in trust. (*Ward* v. *Ward*, 105 N. Y. 68; *Garvey* v. *McDevitt*, 72 id. 556; *Van Nostrand* v. *Moore*, 52 id. 12; *Tobias* v. *Ketchum*, 32 id. 319, 330; *Beekman* v. *Bonsor*, 23 id. 298; *Legett* v. *Perkins*, 2 id. 319; *Brewster* v. *Striker*, Id. 19, 34; *Wood's Case*, 38 Barb. 483; *Anderson* v. *Mather*, 44 N. Y. 259; *Bennett* v. *Garlock*, 79 id. 317, 320.) The will discloses a clear intention that the executor should have the legal estate in the lands. (*Robert* v. *Corning*, 89 N. Y. 225; Jarman on Wills, 465; *Downing* v. *Marshall*, 23 N. Y. 366; *Post* v. *Hover*, 33 id. 593; *Tucker* v. *Tucker*, 5 id. 408; *Van Nostrand* v. *Moore*, 52 id. 12, 17; *Brewster* v. *Stryker*, 2 id. 19; *Tobias* v. *Ketchum*, 32 id. 319; *Beekman* v. *Bonsor*, 23 id. 298; *Leggett* v. *Perkins*, 2 id. 297; *Garvey* v. *McDevitt*, 72 id. 576; *Ward* v. *Ward*, 105 id. 68.) The power in trust upheld by the Special Term is void. (*Benedict* v. *Webb*, 98 N. Y. 460, 463, 467.) The scheme of the will, whether construed as creating a trust or a system of powers in trust, is void. (1 R. S. 730, §§ 63–65, 107; Id. 732, §§ 77, 78–94;

Statement of case.

*Downing* v. *Marshall*, 23 N. Y. 366, 376, 380 ; *Jennings* v. *Jennings*, 7 id. 547 ; *Schettler* v. *Smith*, 41 id. 328 ; *Dungannon* v. *Smith*, 12 C. & F. 546, 639, 640 ; *Hawley* v. *James*, 16 Wend. 62, 132 ; *Gee* v. *Audley*, 1 Cox, 324 ; *In re Sayer's Trusts*, 6 L. R., Eq. 319 ; Note to *Cadell* v. *Palmer*, Tudor's Lead. Cas. on Real Prop. [3d. ed.] 465 ; Schouler on Wills, § 21 ; Lewis on Perpetuities, 170, 481 ; *Loring* v. *Blake*, 98 Mass. 253 ; *Rose* v. *Rose*, 4 Abb. Ct. App. Dec. 108 ; *Amory* v. *Lord*, 9 N. Y. 503 ; *Tiers* v. *Tiers*, 98 id. 568 ; *Hone* v. *Van Schaick*, 20 Wend. 564 ; *Killam* v. *Allen*, 52 Barb. 605 ; *Brewer* v. *Brewer*, 11 Hun, 147 ; 72 N. Y. 603 ; *Hobson* v. *Hale*, 95 id. 588, 609.) The residuary devise is void as an entirety. (1 Redf. on Wills, 426, 429 ; *Leake* v. *Robinson*, 2 Mer. 363–390 ; *Kennedy* v. *Hoy*, 105 N. Y. 137 ; *Hawley* v. *James*, 16 Wend. 174 ; *Amory* v. *Lord*, 9 N. Y. 403 ; *Knox* v. *Jones*, 47 id. 389 ; *Van Schruyver* v. *Mulford*, 59 id. 432 ; *Benedict* v. *Webb*, 98 id. 463.) It is not proper or permissible in the case of a complicated equity suit, where the rights of all the parties are jointly involved, to take such an appeal. In such a case judgment absolute, which must necessarily affect all the parties to the suit, and which must affect them differently and really decide their respective rights and liabilities, cannot be rendered upon a stipulation of a single party. (*Lane* v. *Wheeler*, 101 N. Y. 17, 18 ; *Lanman* v. *R. R. Co.*, 18 id. 493, 494 ; *Hitchings* v. *Van Brunt*, 38 id. 335.) Where it is impossible for a judgment absolute to be rendered against the appellant there can be no appeal under this section 191 of the Code of Civil Procedure. (*People* v. *Thacher*, 55 N. Y. 525 ; *Hitchings* v. *Van Brunt*, 38 id. 335 ; *Cobb* v. *Hatfield*, 46 id. 533 ; *Godfrey* v. *Moser*, 66 id. 250 ; *Lake* v. *Nathans*, 67 id. 589 ; *Hiscock* v. *Harris*, 80 id. 402 ; *Lanman* v. *Lew. R. R. Co.*, 18 id. 493 ; *Johnson* v. *A. & S. R. Co.*, 54 id. 416 ; *Williams* v. *W. U. T. Co.*, 93 id. 162, 194 ; *McCree* v. *Conger*, 77 id. 432.)

*Joseph O. Brown*, guardian *ad litem*, for Harriet Gertrude Outerbridge, respondent. By the tenth article of his will, the testator gives to the executor every power that such

executor could possibly have exercised if he had by express words been appointed a trustee. (Perry on Trusts, § 313 ; *Brewster* v. *Stryker*, 2 N. Y. 19 ; *Morse* v. *Morse*, 85 id. 60 ; *Bean* v. *Bowen*, 47 How. Pr. 306 ; *Ward* v. *Ward*, 23 Week. Dig. 466 ; *S. C.*, 105 N. Y. 68 ; Hill on Trustees, \* 231 ; *Morse* v. *Morse*, 85 N. Y. 53.) The executor took the legal estate. (*Bradstreet* v. *Clark*, 12 Wend. 602 ; *Smith* v. *Edwards*, 88 N. Y. 92, 104 ; *Warner* v. *Miller*, 76 id. 136.) Even if there were no trust and the estate vested at death of testator, still the residuary clause of the will is void. (*Schettler* v. *Smith*, 41 N. Y. 328, 335.) The attempt of the testator to create a trust in the executor has failed. There is a suspension of alienation for more than two lives in being at the time of the creation of the estate. (1 R. S. 726, § 37 ; 7 id. 2179.)

*Kelly, Tucker & Henderson* for H. G. & L. O. Henderson, respondents. The direction for a future apportionment did not vest the estate. (*Smith* v. *Edwards*, 88 N. Y. 92 ; *Hobson* v. *Hale*, 95 id. 615.) A devise to a class, some of the members of which cannot be ascertained until after the expiration of a period, which period is in no way limited by any designated life, is void. (*Pearks* v. *Mosley*, L. R., 5 App. Cas. 714 ; *Leake* v. *Robinson*, 2 Mer. 363 ; *Smith* v. *Edwards*, 88 N. Y. 104.) As there is no direction to apply the rents and profits of the estate to the use of any person, or for any period, or to accumulate them, no trust is created as to them. (1 R. S. 2181, § 55 ; *Cooke* v. *Platt*, 98 N. Y. 35 ; *Heermans* v. *Burt*, 78 id. 258 ; *Smith* v. *Edwards*, 88 id. 103 ; *Beardsley* v. *Hotchkiss*, 96 id. 213 ; *Radley* v. *Kuhn*, 97 id. 35.)

GRAY, J. The questions, which this appeal brings before us for review, relate to the validity of the disposition which was made by this testator of his residuary estate. The sixth clause of his will provides as follows: "All the rest, residue and remainder of my estate, both real and personal, and wheresoever situated, I hereby authorize, empower and direct my executor to partition, divide and apportion equally among

all my children living at the time of making such partition and division, and the child or children of such of my children as may then be dead, leaving issue.   *   *   *   And I do hereby give, devise and bequeath to each of my said children the share or portion of my said estate so to be partitioned, divided and apportioned to them respectively, as aforesaid. *   *   *   Provided, nevertheless, that if any of my children shall die without issue before such partition and division shall be made, then I give the portion of such deceased child equally to the brothers and sisters of such deceased child. And provided, further, that, if any of my said children shall die leaving issue, then the child or children (who shall be living at the time of such partition) of such deceased child of mine shall take and have the share or portion which the parent would have taken if living.   *   *   *   It is my will that my executor make the partition, division and apportionment aforesaid as soon after my decease as may be practicable, having reference to the condition of my estate; but as he may find it necessary to realize upon the securities and sell and convert into money both real and personal property, and make other changes in my estate in order to make equitable and proper partition, and which he may not be able speedily to make without sacrifice and loss to my estate, he shall not be compelled to make such partition, division and apportionment until after the lapse of five years from the date of probate of this will."

By the ninth clause the testator directs his executor, until the partition of the estate, to pay over to each of the children $2,400 per annum, quarterly, from his decease, and to charge the payment to the child as a part of his or her share of the estate.   In the tenth clause, he authorizes his executor to take entire charge, control and management of all the real and personal estate; to lease; to collect the rents, issues and profits and income; to make investments; to insure; to pay taxes and asssessments; to make repairs; to pull down buildings and erect new ones, etc.

The judgment of the Special Term, sustaining the testamentary disposition of the residuary estate, was reversed at the General Term; but while the two learned judges, who sat in review, in that court, agreed in reversing, they differed in their mode of reasoning out that result. Judge BARNARD thought that the will gave to the executor an estate in the lands, until actual partition, and no estate in possession could be given; that if the will is good to vest the executor with the title in trust, which may extend for an absolute term of five years, there was no one in being who could give a title until after that period has passed, or until the executor chose to partition the land. Judge CULLEN, however, accepting the authority of *Robert* v. *Corning* (89 N. Y., 225), held, that even if the will created a trust in the executor, that fact alone would not create a suspension of the power of alienation; since the executor may, at any time within the five years, convey a good title to the land by sale; or by the partition and division among the devisees. But he thought that there was a distinction between the cases; in that, in the present one, the absolute ownership of personal property might be suspended by the limitations of the will for more than the statutory period. The limitations, to which he refers, are in the second proviso in the sixth clause, by which the issue of a deceased child of testator, *who shall be living at the time of the partition*, are substituted in the place of the parent. He also thought that there was an illegal disposition of the real estate, in the creation of a contingent remainder upon a term of years, in which the contingency was of such a nature that the remainder could not vest in interest during the continuance of the statutory period of two lives in being.

We do not think that any valid express trust was created by the testator; for, if such was his intention, it would be ineffectual for not being comprehended within the provisions of section 55 of the article on uses and trusts in the Revised Statutes. The main purpose of testator's will was that his children should participate equally in his residuary estate, and that its division among them should be effected by his executor. For the

better execution of that purpose, he gave a discretionary power of sale to the executor, and the further power to manage the estate and to receive the rents, profits and income thereof is conferred, until partition and division. There is no express devise of the residuary estate to any one, and, if no valid trust title was created in the executor, it must follow that the legal title to the real estate vested in the children at the testator's death, subject to the power given to the executor to partition and, meanwhile, to manage and sell.

In its features this case resembles *Cooke* v. *Platt* (98 N. Y. 36), where there was an express devise to the executors, which was held ineffectual as constituting a valid trust, because it was not upon one of the express trusts authorized by statute. The declared purpose in that case was to divide the estate among the children through the executor, and a discretionary power to sell was conferred. It was there held that the trust could not be sustained as one to receive the rents and profits of the land, under the third subdivision of section 55, because there was no direction to apply them to the use of any person for any period. And it was said that "the statute does not authorize the creation of a trust for the partition of lands. But a power may be created for that purpose, and a devise to the executors, though void as a trust, may be valid as a power to distribute and divide." It was held in the same case that it was essential to the constitution of a valid trust, if the purpose be to sell lands for the benefit of creditors and legatees, that the power of sale should be absolute and imperative, without discretion, except as to the time and manner of performing the duty imposed. "The sale or other disposition mentioned in the statute must be the direct and express purpose of the trust."

However convenient to the executor the possession of the legal title to the estate might be, in order to carry out the testator's purpose, a trust estate should not be implied, when to do so would make the will conflict with the statute and when the duties imposed upon the executor could be executed under a trust power. (*Post* v. *Hover*, 33 N. Y. 601; *Heermans*

v. *Robertson*, 64 N. Y. 332.) The direction to the executor to partition, divide and apportion the residuary estate, though ineffectual to create a valid trust, may be upheld as a power in trust.

There is nothing in the will, which makes it absolutely necessary to imply a trust; because everything, which the executor is called upon to do, may be performed, either in that capacity, or as the donee of a power in trust. He is not required to distribute from the income, but to advance from the capital to the children, and his duties of management of the estate, of realizing upon the same by sale for the purpose of partitioning and apportioning, may be lawfully performed by him under a power in trust. The power of sale was in no wise suspended by the provision in the sixth clause directing that the executor should not be compelled to make partition, division and apportionment until after the lapse of five years from the date of probate of the will. The reason furnished by the will for this direction is that, owing to the condition of his estate and the possible necessity of having to convert into money the realty and personalty composing it, the executor might not be able to do it speedily without entailing sacrifice and loss. The decision of this court in *Robert* v. *Corning* (89 N. Y. 225) is in point. Under the will in that case the executors were directed to sell the residuary estate and from the proceeds were to distribute it in certain parts among the children; but they were empowered to delay a sale for not exceeding three years. It is there said in the opinion that "the mere fact that it might be the duty of the executors, in the exercise of their discretion, to postpone the sale to await a more favorable market does not, we think, constitute such a restraint as suspends the power of alienation within the statute." There was no unlawful perpetuity created by authorizing the executor to delay partitioning the estate, because the power of sale was not suspended. He could sell and convey an absolute fee in possession at any time after testator's death. He was a person in being, who could at any time sell the real estate, or give title by partition among the testator's children, without con-

travening the powers in trust which were conferred upon him.

At testator's death all of his children survived him and were of full age, and, if necessary, they could have united with the executor in a conveyance of the real estate; and, if an immediate conveyance and payment were to be made, they could take at once from the executor. The powers of partition and of sale being valid, however, the children of testator took their interests at his death subject to their exercise, and, hence, one or more of them could not maintain any compulsory partition proceedings, pending the existence of the right in the executor to exercise his powers. Although there is no present express devise to the children of the residuary estate, but only the direction to the executor to divide and apportion it among them, if they were alive at the time of distribution, we think their interests must be considered as having vested at the testator's death. Such would be the result from the fact that no valid trust estate has been created in the executors, and such would be fairly inferable as an intention of the testator from his language in the sixth clause, where he says: "I do hereby give, etc., to each of my said children the share or portion of my estate so to be partitioned, etc., as aforesaid." The time of conveyance of the realty to and of the distribution of the personalty among the children is postponed, only, but that is not inconsistent with the vesting of the undivided shares. We regard that language as disposing of the suggestion that time was of the substance of the gift.

Nor is any insuperable difficulty created, in this case, in the existence of any ulterior, contingent limitation in the sixth clause. The language referred to is, "and provided, further, that if any of my said children shall die leaving issue, then the child or children (who shall be living at the time of such partition) of such deceased child of mine shall take and have the share or portion which the parent would have taken, if living." The primary intention of testator was to give to his immediate children the absolute title to their shares;

subject to a limitation over to their issue, in case of their death before the period of actual partition of the estate. That was the limitation of a future, contingent estate, but it was one which would not prevent the ultimate vesting of the share beyond the life of his child. The interest in the lands of testator vested in the children upon testator's death, subject to the power in the executor to partition them, and subject to being divested by a sale under the power. There was no equitable conversion worked of the realty into personalty, for the power of sale was not absolute. If the real estate was converted into money by a sale, under the power, the proceeds would still partake of the nature of realty. · So much of the estate as was personalty remained in the executor's possession, to be held and managed by him, until the period arrived when he should exercise the power of partitioning and dividing the whole estate. The interest in the realty, which vested in the testator's children upon his death, was liable to be divested, under the provisions of the will, by death before partition completed; as the ownership in the personalty was contingent upon the child's surviving that event. Though the testator contemplates the gift of the shares to take effect in his immediate children, he provided for the contingency of death before the period of partition, by a limitation over to their issue in such event. The provision we have last above quoted from the will, restricting the limitation over to such of the issue of a deceased child as "*shall be living at the time of such partition*," introduces the difficulty in the case, because it is claimed that its effect might be to prevent the absolute vesting of the share in the issue of a deceased child at the time of the parent's death.

We do not think that the main testamentary purpose of the testator should be allowed to be frustrated because of its existence. The will, in that respect, was carelessly or inartistically drawn. The testator had previously directed the partition and apportionment of his estate among all his children "living at the time of making such partition and division, and the child or children of such of my children as may then

be dead, leaving issue." Under such a provision, upon the death of a child of testator before partition, leaving issue, the share would have vested absolutely in that issue; the time of payment, merely, being postponed, or, failing issue, it would have gone to the brothers and sisters. The subsequent clause, to which we have referred as creating the difficulty in the validity of the residuary disposition, was an inconsistent provision and one quite unnecessary, so far as relating to the perfection of a testamentary scheme for disposing of the residuary estate. We do not think it should be allowed to prevail over the preceding direction in the same clause, when, by cutting it off and disregarding it, as a void direction interpolated in the instrument, the will of the testator can be effectuated according to a plain and just intent. In doing so, we would thwart no purpose of the deceased, nor make any new testamentary disposition for him. We simply reinstate the purpose, in its integrity, which had just been definitely stated. Under the statute every future estate, which may not vest within the period of two lives in being at the time of its creation, is void, as is any limitation or condition, by which the absolute ownership of personal property may be suspended beyond the specified period of time. When such a void disposition of property has been made by the testator in his will, if it is separable from his principal dispositions, it may be cut off.

In *Harrison* v. *Harrison* (36 N. Y. 543), it was said that "the principle is now well settled that the courts lean in favor of the preservation of all such valid parts of a will as can be separated from those that are invalid, without defeating the general intent of the testator" (citing many authorities.) In *Tiers* v. *Tiers* (98 N. Y. 568), it was said: "It is quite evident that the ulterior, contingent limitation is quite separable from the primary trust, and merely incidental; its only purpose being to provide for a contingency which may never arise, and the failure of that provision would not affect the general scheme of testatrix. In such cases the rule is quite well settled that an ulterior limitation, though invalid,

will not be allowed to invalidate the primary disposition of the will, but will be cut off in the case of a trust, which is not an entirety, as well as in the case of a limitation of a legal estate."

Courts should endeavor, by every reasonable intendment and by a liberal construction, to sustain a testamentary disposition of property when, in so doing, they can give actual and just effect to the testator's purpose and validate at least the main, if not the true part of a testamentary scheme, which contemplates distinct and severable acts. If the principal disposition can be upheld, we should disregard ulterior, contingent limitations, which threaten violation of statutory rules respecting the ownership of property. Thus, in this will, it is perfectly clear that what the testator desired to accomplish was an equal partition of his estate, within a certain period of time, through the exercise of his executor's judgment, among his children then living, and the issue of any child dying before the actual division and apportionment, *per stirpes* and not *per capita*. So much he has said in the opening paragraph of the sixth or residuary clause; and, if it is argued that the subsequent limitation imposed upon the gift, by which, upon the decease of one of his children, the parent's share shall not vest in his or her issue at once, but shall be held and paid over only to those living at the time of partition, is to be taken as a serious purpose of the testator, and constitutes a void ulterior, contingent limitation, it may be severed from the will without affecting the main purpose of the testator. Thus cut off, the attainment of his principal objects would be secured, and the absolute ownership of the personalty and the ultimate vesting in interest of the remainder created in the realty, could not be postponed beyond the life of the parent, testator's child.

For the reasons we have given, the order of the General Term should be reversed, and the judgment of the Special Term should be affirmed, with costs to all parties who have appeared in the action, to be paid out of the estate.

The respondent moved for a dismissal of the appeal, on the ground that the order of the General Term, which reversed the judgment at Special Term and granted a new trial, is not appealable. Judgment would have been more appropriately ordered under the decision of the General Term, in a case on the equity side of the court involving the construction of a will. But jurisdiction was given to this court to entertain the appeal from the order, by the assent given by appellant in the notice of appeal that judgment absolute should be rendered against him if the order was affirmed. The awarding of judgment absolute can work no prejudice in this case. It fixes and determines the rights and interests of all the parties, and is the authority and guide for the executor in the performance of his duties under the will.

The motion should be denied.

All concur.

Order reversed and judgment affirmed.

Motion denied.