MEEKS *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, General Term.* December 1, 1890.)

**ACTIONS BY EXECUTORS—TESTAMENTARY POWERS.**

A will directed the executors to sell testator's real estate and receive and distribute the proceeds, and, until the property was sold, to receive the rents and profits, and pay insurance and taxes. *Held,* that, pending the sale, the executors were the proper parties to sue for the use and occupation of the property, and to restrain a trespass upon it.

Appeal from equity term.

Action by Edwin B. Meeks, as surviving executor and trustee under the last will and testament of Joseph W. Meeks, against the Metropolitan Elevated Railway Company and the Manhattan Railway Company, to enjoin the further construction, maintenance, and operation of their elevated railroad along and to the west of plaintiff's premises, No. 30 Vesey street, New York city, and to recover damages for property and rights of property taken. There was judgment awarding plaintiff $11,762.59 as damages and costs, and an injunction restraining the operation of their railway by defendants unless, within a time mentioned, they paid to plaintiff the further sum of $15,000. Defendants appeal therefrom. The principal point in controversy was the construction of the will of said Joseph W. Meeks, the important provisions of which are as follows: "*First.* * * * And I further order and direct my said executors, until the sale and division of my real estate as hereinafter directed and provided, to keep the buildings thereon in good and sufficient repair, and fully insured against loss or damage by fire, and also to pay and discharge all taxes and assessments which may from time to time be imposed upon such real estate, and every part thereof, including the buildings thereon. * * * *Fifth.* I authorize, empower, and direct my executors, hereinafter named and appointed, to make a division of all my real and personal estate in the manner hereinafter specifically described, excepting the part hereinbefore appropriated, and for that purpose I hereby expressly authorize, empower, and direct my said executors to sell at public auction, at such time and manner as they shall think best, my said real estate, and to execute good and sufficient conveyances therefor, and to collect and convert into money all of my personal estate, and from the proceeds of such estate, real and personal, to divide such moneys, being the entire proceeds of such estate, real and personal, after deducting an amount sufficient to produce an income to meet the bequests hereinbefore mentioned, into four equal parts, and to pay one of such parts to my son Albert V. Meeks, to whom I give, devise, and bequeath the same to vest in him absolutely, and his heirs and assigns forever. The remaining three-fourths parts of such proceeds I give and bequeath unto my said executors and trustees, hereinafter named and appointed, upon the trust, nevertheless, that they invest the same in severalty on good security on bonds and mortgages on real estate in the city or state of New York, or in bonds of the United States, or the state of New York, and keep the same so invested, and to pay the interest or income of one of said parts to my son Joseph W. Meeks, Jr., semi-anually during his life-time; to pay the interest or income of another of such parts to my daughter Sophia Theresa Hawkins, semi-annually, during the term of her natural life; and to pay the interest or income of the remaining part to my son Edwin Bartlett Meeks semi-annually, during the term of his natural life; * *. * and, on the death of any one of my said children, leaving lawful issue surviving, then the share to the income of which the party deceased is entitled shall be paid to such issue, if one, solely; if more than one, jointly and equally; but if there shall be no issue surviving, then such share to be divided among my surviving children and the issue of any deceased one, such issue to represent the parent; and, until the conversion of my estate, real and personal, into

money, and the division made, as aforesaid, it is my will that my said children receive, subject to the special bequests made, the income of my estate, share and share alike, in the same manner and subject to the same restrictions as are herein contained. * * * *Ninth.* I hereby nominate, constitute, and appoint my son Albert Victor Meeks and my son Edwin Bartlett Meeks, executors of this, my last will and testament, and trustees of the several trust-estates hereinbefore created, and I hereby expressly authorize and empower them, until the sale and distribution of my estate as herein provided, to collect and receive the rents and profits of my real estate, except the portion thereof reserved and devised to my said wife during her natural life, or until her interest therein terminates pursuant to the conditions thereto annexed."

Argued before FREEDMAN and INGRAHAM, JJ.

*Davies & Rapallo,* for appellants. *Eugene D. Hawkins,* for respondent.

INGRAHAM, J. The complaint alleges that one Joseph W. Meeks died seised of certain property therein described, leaving a last will and testament, whereby the said property was devised to the plaintiff, in trust for the purposes and object of the will, and that by virtue thereof plaintiff became the lawful owner of said property, with all the rights, easements, and appurtenances thereto belonging, and the owner of any and all causes of action for damages thereto. These allegations are denied by the answer. The will of said Joseph W. Meeks was introduced in evidence, and, to entitle plaintiff to judgment, it must appear that the title to the property appropriated became vested in the plaintiff as trustee, or that he was entitled to the possession and enjoyment of such property. If there is any intention clearly expressed in the will, it is that the testator's property shall not descend to his heirs at law. The executors are directed to sell the property and receive and distribute the proceeds thereof, and, until the property is sold, the executors are to receive the rents and profits, and to pay insurance, taxes, and assessments. Under no circumstances can the heirs at law, as such, be entitled either to the proceeds of the sale of the property or to the rents and profits realized therefrom during the period that should elapse between the time of the death of the testator and the time of such sale. If the defendant had taken the property under the right of eminent domain, it is the plaintiff, as trustee, who would have been entitled to the amount required to be paid from such property, and, until the property was sold, the plaintiff, as trustee, would be entitled to the possession of the property, and to the rents and income realized from the use and occupation thereof. It is the plaintiff, as trustee, therefore, who could maintain an action for the use and occupation of the property, and for an injunction to restrain a trespass upon it. A conveyance by the trustee would convey a good title to the defendant under the power of sale contained in the will, and the heirs at law are not necessary parties either to this action to restrain a trespass thereupon or to recover possession thereof, or to a conveyance of the property so as to vest a good title in the defendant. It is not, therefore, necessary to decide in this action whether the title to the real estate vested in the plaintiff as trustee under the will; but, if it were necessary to determine that question, I think that, under the rule stated in *Robert* v. *Corning,* 89 N. Y. 225, the executor took the legal title to the property. ANDREWS, J., speaking for the court in that case, said: "The testator contemplated that the real estate might not be sold for some time after his death. * * * The presence of the legal estate in the trustee pending a sale, if not absolutely necessary to enable them to perform the duty imposed upon them, to divide the net income and profits, is a convenient and natural arrangement, and the vesting of the legal estate in the trustee by implication would not, as we construe the will, defeat or disturb any of its provisions, but would be in harmony with its scheme and dispositions. * * * There

are many authorities tending to sustain the propositions that a trust will be implied when the duties imposed are active, and render the possession of the legal estate in the executors convenient and reasonably necessary, although it may not be absolutely necessary to accomplish the purpose of the will, and when such implication would not defeat, but would sustain, the disposition of the will."

These remarks apply to the will in question. There is, I think, a clear intention expressed in the will that the executors should take the title to the real estate, collect the rents and profits, until it should be sold, and then receive the proceeds of the sale and divide it among the legatees. An express trust may be created to sell lands for the benefit of legatees, and to receive the rents and profits of lands, and apply them to the use of any person during the life of such person, and such a trust is created by the will as thus construed. *Henderson* v. *Henderson*, 113 N. Y. 1, 20 N. E. Rep. 814, does not apply; for there the direction to the executors is to partition, not to sell, and the will gives the share set off to each child by the executors under the power conferred to the child to whom it is allotted. It was held that no express trust was created, because it was not within the provisions of the statute that the main purpose of the testator was to divide the residuary estate among his children, and the power of sale was given for the better execution of that purpose; but in this case the trust will be within the provisions of the statute, as before stated.

The other questions presented on this appeal have all been decided by this court adversely to the appellants, and require no special mention. Judgment should be affirmed, with costs.