(13 Misc. Rep. 343.)

HORNDORF et al. v. HORNDORF et al.

(Supreme Court, Special Term, Monroe County. February, 1895.)

1. WILLS—SUSPENDING POWER OF ALIENATION.

A provision in a will that the executors shall convert the entire estate into money, and invest it for the benefit of plaintiff's infant children until the youngest child shall attain the age of 25 years, refers to the youngest child living at the time of testator's death, and therefore does not suspend the power of alienation longer than two lives.

2. SAME—POWER IN TRUST.

Where a will bequeaths property to certain persons absolutely, and directs the executors to invest it for the benefit of the legatees, no trust is created, but the executors are given a power in trust.

Action by Mary Saloma Horndorf and another against Sarah J. Horndorf and another to obtain a construction of the will of William Horndorf, deceased. Defendants demur to the complaint. Overruled.

Horace G. Pierce, for plaintiffs.
Emil Ludekins, for defendant administrators.
Howard H. Widener, for other defendants.

ADAMS, J. There are two points of view from which the questions raised by the pleadings may be profitably considered, one of which is that which construes the will of the testator upon the theory of the creation of an express trust in the administrators to be appointed thereunder, while the other is one which regards the duties imposed upon such administrators as in the nature of a trust power only. It will be observed that the will contains no language which, in express terms, conveys to the administrators, to be thereafter appointed, any of the estate of the testator; nor is the word "trustee" to be found anywhere therein. Nevertheless the administrators are invested by the testator with certain powers, and with such absolute control and management of his estate as would, I think, if it were necessary to give it that construction, and if such a construction were in harmony with the entire instrument, justify the conclusion that it was the intention of the testator to create a trust, and to vest in his administrators title to the trust estate. Tobias v. Ketchum, 32 N. Y. 319; Ward v. Ward, 105 N. Y. 68, 11 N. E. 373. This conclusion being reached, another necessarily follows, which is that, by the provisions of the will, the trust estate resolves itself into personalty; consequently the case is one which does not require the intervention of a court of equity, and therefore the demurrer might be sustained upon that ground. Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585. However, the questions raised are not only interesting, but they are of such a nature as to render it entirely proper that, in the exercise of its discretionary power, this court should retain the case for their determination.

Assuming, therefore, that a trust is created by the will of William Horndorf, the first question to be considered is whether or not the execution of such trust in the manner contemplated by the testator in-

volves a suspension of the power of alienation, which is repugnant to the statute. The determination of this question depends, I think, upon the construction which must be given to the language of certain subdivisions of the fourth clause of the will. This, the residuary clause, devises and bequeaths to these plaintiffs all the testator's estate not heretofore disposed of, subject to certain restrictions, powers, and reservations. The "restrictions, powers, and reservations" referred to are those which require the administrators with the will annexed to convert the entire estate into money, to invest the same in bonds and mortgages, and, after satisfying the widow's dower interest, to keep such moneys invested for the benefit of these plaintiffs, all of whom are minors, until the testator's youngest surviving child shall attain the age of 25 years, when the entire estate is to be distributed in the manner thereinafter provided. Now, inasmuch as the testator died leaving three minor children, the effort to give to this language a construction which will not unlawfully suspend the absolute ownership of the property affected thereby, seems involved in some difficulty; for, if the time for distribution is to be determined by the attainment of the age of 25 years by the youngest of these children who may live to reach that age, there is much force in the contention of the plaintiff's counsel that it becomes possible for the absolute ownership to be suspended during a minority, and four years in addition thereto, beyond two lives in being at the death of the testator, which would, of course, be a contravention of the statute. 1 Rev. St. pt. 2, tit. 4, c. 4, § 1. But, on the other hand, if the survivorship is regarded as relating to the death of the testator, this difficulty disappears; for in such a case the limitation would cease and the estate be released when the youngest of the three children shall attain the age specified, with a possibility of its terminating at an earlier period of time in the event of her death prior to her twenty-fifth birthday. Such a construction is correct in principle, and is supported by authority (In re Mahan, 98 N. Y. 372; Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257; Stokes v. Weston, 142 N. Y. 432, 37 N. E. 515), and it is one quite easy of adoption when reference is had to the language of subdivisions h, i, and j of the residuary clause, for in these the testator has in contemplation the possible death of any or all of his children, and the disposition to be made of the estate in that event, and such disposition is made to depend upon the death of such child or children before his last will and testament shall be carried into effect. As it requires no argument to support the proposition that a will goes into effect immediately upon the death of the testator, in the absence of some express provision to the contrary (Wetmore v. Parker, 52 N. Y. 450; Brundage v. Brundage, 60 N. Y. 544), it is quite obvious that in providing for his children the testator had constantly in mind the conditions which would exist at the time of his death, and not such as might depend upon subsequent events. But whether or not the construction thus far outlined is one which can be upheld, there is another, and, to my mind, a much more satisfactory one, which is to be obtained by discarding the theory that the will in question creates either an express or an implied trust. It

will be noticed that in disposing of the residuum of his estate, the testator makes use of this language:

"I forever give, bequeath, and devise all the rest, residue, and remainder of my property, real and personal and mixed, and of every name and nature, wheresoever the same may be situate, to my children Mary Saloma Horndorf, Bertha Edith Horndorf, Florence Lorinda Horndorf, and such other child or children as may hereafter be born to me, share and share alike."

Here, then, is an absolute bequest of the testator's estate to his children who shall survive him, which is couched in language as apt and free from ambiguity as can possibly be devised for that purpose; and, were this unaffected by any subsequent conditions, there could, of course, be no question as to the vesting of the residuary estate immediately upon the death of the testator.  But the language quoted is followed by these words:  "This devise and bequest, is, however, subject to the following restrictions, powers, and reservations," and then, with certain other provisions, which need not be specified in this connection, are enumerated the "restrictions, powers, and reservations" which have already been mentioned in considering the question of the unlawful suspension of the power of alienation.  The ·duty is therefore imposed of giving to this language in its entirety, if possible, an interpretation consonant with a legal intent upon the part of the testator; and in attempting this regard must be had for the rule, which seems well established, that a trust estate will never be implied where it will render a will illegal and void (Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814; Greene v. Greene, 125 N. Y. 506, 26 N. E. 739; Hillyer v. Vandewater [N. Y. App.] 24 N. E. 999, opinion of Gray, J.), and especially is this rule applicable in cases where the duties conferred upon the executor or administrator may be executed under a trust power (Henderson v. Henderson, supra; Heermans v. Robertson, 64 N. Y. 332).  If, then, instead of giving such effect to the language employed by the testator as will create a trust estate which may possibly conflict with the statute against perpetuities, the direction to the administrators as to the management of his estate is regarded as in the nature of a power in trust only, it will follow that the plaintiffs take a vested estate in all the residuum of the testator's property, subject, nevertheless, to the power conferred upon the administrators.  The law favors the vesting of estates (Stokes v. Weston, supra), and in all cases of doubt will give such construction to the language of a will as accomplishes this result.  It is likewise a canon of construction that in order to uphold the principal disposition of a will the law will disregard, if possible, all "ulterior contingent limitations which threaten violation of statutory rules respecting the ownership of property."  Henderson v. Henderson, supra.  The view, therefore, which impresses me as the correct one to entertain of this case, has its sanction in both principle and authority, and it is one which tends to effectuate, rather than to derange and subvert, the general scheme of the testator.  There are, however, certain minor provisions of this will, which are obviously in contravention of established rules which have long obtained in the law relating to the testa-

mentary disposition of property; and while they do not invalidate the instrument itself, they will doubtless have to be disregarded in the due administration of the testator's estate.    One of these is that which seems to impose as a condition to the final distribution of the estate and its reception by the residuary legatees, that they shall respectively be free from "immoral, disorderly, and intemperate conduct and practices."    It is sufficient to say of this provision that it wholly fails to furnish any standard or means by which it can be ascertained, or to designate any person who is to determine, whether this condition has or has not been fulfilled; and consequently it is too indefinite and uncertain to be capable of observance.

The only remaining provision which demands any attention is that which requires the administrators to create a fund arising from the income of each child's share of the estate, and to annually reinvest so much thereof as shall not be required for her support and maintenance until the final distribution takes place, which, as has been shown, will occur when the youngest child reaches the age of 25.·    This, it is quite clear, is within the inhibition of the statute relating to accumulations, for it not only contemplates the accumulation of income beyond the period of minority, but it also renders possible a condition of affairs at the date of distribution by which the accumulated fund would pass to others than the infant whose share of the estate produced it.    It follows, therefore, that this provision is void (1 Rev. St. p. 774, § 3; Pray v. Hegeman, 92 N. Y. 508; Barbour v. De Forest, 95 N. Y. 13; Radley v. Kuhn, 97 N. Y. 26), and that the plaintiffs are entitled to the whole of the income arising from their respective shares of the residuary fund.

The construction of the will in question in the manner indicated by the views herein expressed necessarily leads to a judgment in favor of the plaintiffs, overruling the demurrer to their complaint. Judgment is consequently ordered accordingly, and the question of the allowance of costs to the several parties is reserved until the settlement of the judgment.