(52 Misc. Rep. 388)

ENDRESS v. WILLEY et al.

(Supreme Court, Trial Term, Livingston County. October, 1906.)

1. WILLS—CONSTRUCTION—ESTATES IN TRUST—ACCUMULATION OF SURPLUS IN-
   COME—PARTIAL INVALIDITY.

   A testator left the bulk of his property in trust to his executors, and directed the accumulation of the surplus income after payment of expenses and support of his wife, and after the death of his wife that his daughters be given specific legacies and the remainder of his estate be divided among his sons. *Held*, that the provision as to accumulation of surplus income was invalid, all of the beneficiaries being of full age at the time of testator's death, but that such provision did not invalidate the trust and the final disposition of the property held under it.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 2167–2170; vol. 39, Perpetuities, § 73.]

2. SAME.

   Where a will directs that the bulk of an estate be held in trust and the surplus income be accumulated until the death of testator's widow, and then certain specific legacies be paid to his daughters and the remainder be divided among his sons, the surplus income belongs to the sons, and they can demand payment during the mother's lifetime, the provision as to accumulation being invalid, and a daughter has no interest therein.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2170.]

Action by Dora E. Endress against Lorin G. Willey and Pearl H. Willey. Judgment for defendants.

Clare A. Pickard and Benjamin S. Dean, for plaintiff.
George Clinton and Bertrand G. Foss, for defendants.

SUTHERLAND, J. This action is brought by a daughter of the testator, Charles B. Willey, to obtain a judicial construction of the will of her father, and she asks for a judgment declaring that a trust provision in his will is invalid and that he died intestate as to the principal part of his estate, which he attempted to dispose of under said trust. The testator resided in the town of North Dansville, Livingston county, N. Y., and died May 27, 1904, leaving, him surviving, as his only heirs at law and next of kin, Levanchia L. Willey, his widow, three sons, Cameron L. Willey, Lorin G. Willey, and Pearl H. Willey, and two daughters, Hortense M. Eaton and the plaintiff, Dora E. Endress; all of them being of full age at the time of his death. His widow survived him until November 13, 1905, when she died intestate, and the defendant Pearl H. Willey is the administrator of her estate. It is admitted by the pleadings that the testator left a personal estate valued at over $38,000 and a large amount of real estate, situate in the counties of Livingston, Steuben, and Allegany, in the state of New York, and in the counties of Warren, Westmoreland, and Allegheny, in the state of Pennsylvania, and also in the state of Virginia; the real estate aggregating in value many hundreds of thousands of dollars. The will of the testator was duly probated by the surrogate of Livingston county June 25, 1904. In the first clause provision is made for the burial of the testator and of his wife and the erection of a monument at a cost not to exceed $5,000, and the will then provides as follows:

"Second. I give, devise and bequeath all my estate, real and personal and mixed, of whatever kind or nature or wherever situated, comprising and including, with other, my homestead in the state of New York and farm in the state of New York and farms and wild lands in Warren county, Pennsylvania, and about forty-five houses and lots and planing mill property in Allegheny City, Pennsylvania, and real estate in the city of Pittsburg, Pennsylvania, a bond of Mrs. Kelly and mortgage on her farm in the township of Warsaw, Richmond county, Virginia, and five thousand dollars life insurance on her life to be paid at the Warren Savings Bank, and various and sundry bonds and mortgages and notes and evidence of indebtedness, to my executors hereinafter named, to have and to hold the same in trust for the following use and purpose and none other, to wit:

"To collect, receive and receipt for every and all manner of the rents, issues and profits arising from and out of my estate.

"To payment of said income all the taxes, costs and expenses of my estate and home expenses and the expense of my wife referred to in the next paragraph, and after paying the same then to reinvest the balance of said income, and any part of my estate that may be converted into cash, in good bonds and mortgages in sums not to exceed two-thirds of the cash or assessed valuation of the encumbered real estate upon which said mortgages shall be taken.

"To keep my said estate and the income thereof as aforesaid invested so as to yield a good income during the lifetime of my wife Levanchia L. Willey, and to permit and allow her and the family to occupy my homestead during her lifetime, and to pay to her out of the income of my estate a sufficient sum of money in such a way as shall be agreed upon to keep her and support her in the house in the same manner and style as she has been kept and supported during my lifetime and to pay all the house expenses.

"To keep said estate intact and invested as aforesaid until the death of my wife, and after her death they are to divide the same as follows, to wit:

"To pay my daughter Dora (Mrs. Dora Elizabeth Endress) the sum of fifteen thousand dollars ($15,000.00), to be free from any and all control of her husband, and to satisfy and cancel the mortgage I hold against their property in Jamestown, New York.

"And to pay to my daughter Hortense May Willey, now Mrs. Eaton, the sum of fifteen thousand dollars ($15,000.00), to be free from any and all control of her husband.

"And after the payment of the above legacies and all debts and expenses, then to divide the residue and remainder of my estate equally, share and share alike, in full amongst my three sons, L. G. Willey, C. L. Willey and P. H. Willey.

"Third. I except from the foregoing disposition and distribution of my estate my interest in the copartnership or firm of Willey Bros., composed of myself and my son L. G. Willey, which said interest I give and bequeath to my said son and partner in said firm, this said bequest, however, not to include the land, mill and machinery in use by said firm which belongs to me and not to said firm, and which shall be a part of my estate as set out hereinbefore.

"Fourth. I hereby authorize and empower my executors hereinafter named to sell and convey at any time, either before or after the death of my wife, any of my real estate whenever they shall deem it to be for the best interests of my estate so to do, hereby giving and granting to them full and complete power and authority to make and execute and deliver all the necessary conveyances and deeds and without any obligations in purchasers to see to the application of the purchase money: Provided, however, that during the lifetime of my wife they shall not sell or dispose of the homestead or in any way disturb her in the use, enjoyment and occupancy thereof.

"Fifth. I nominate, constitute and appoint my sons L. G. Willey and P. H. Willey my executors of this my last will and testament. They are to act in my estate where any portion of my estate may be situated and without giving bonds."

The intention of the testator in creating the trust provided for in the second clause of the will is clearly indicated. All of the testator's property, real and personal, except his share in the partnership and that required for the payment of the debts and burial expenses, is given to his executors in trust, who are directed to collect the rents and profits, pay all taxes, and to allow the widow and family to occupy his homestead, and to pay to the widow out of the income a sufficient sum to keep and support her and her household in the manner and style to which she had been accustomed, and to keep the estate, including unexpended income, invested and intact until the death of the widow, when the executors were directed to pay $15,000 to each of the daughters and to satisfy the mortgage upon the property of the plaintiff, and to divide the residue of the estate equally between the three sons. Undoubtedly the provision for the accumulation of the surplus income during the lifetime of the widow is invalid, as the only purpose for which an accumulation of income may be lawfully directed in a will is for the benefit of a minor and during the period of his minority; and all of the beneficiaries under this will were of full age. And it is urged in this respect by the plaintiff that the direction to accumulate is so involved in the nature of the trust created by the second clause of the will that the entire provision for the disposition of the estate contained in that clause must fall to the ground, and that the testator must be declared intestate as to all of his property, except that portion which is devoted to burial purposes under the first clause and the partnership interest which is given directly to the son Cameron in the third clause of the will. But no such destruction of the de-

cedent's testamentary plan results from the elimination of the merely incidental direction to accumulate surplus income.

No evidence has been offered as to the amount of income derived by the executors from the testator's property, nor as to the expense of maintaining the widow and household, and it does not appear that there was actually any surplus over the amount needed for that purpose. And, although it is evident that the testator expected that there would be some surplus income, the accumulation of that surplus was only a minor feature, and the direction to accumulate can be disregarded without affecting the main object for which the trust was created. The general scheme of the will is not thus defeated. The testator evidently made it his first concern that ample provision should be made for his widow and such of the children as resided with her, and after her death the specific legacies to the daughters were to be paid, and the residuary, which would include the surplus income, if accumulated, was to be divided equally between the three sons. The sons could have insisted upon payment to them of the surplus income from time to time during the lifetime of the widow; the direction to withhold that from them during her lifetime being unenforceable. In every other particular the directions of the will can be carried out; and it would be contrary to sound reason and the established rules of construction to hold that, because of this incidental direction to withhold distribution of the surplus income until the death of the widow, the whole trust must fall to the ground and the decedent be declared intestate as to all the property affected thereby. On the contrary, the invalid direction to accumulate the surplus income being disregarded, all the other provisions of the will are valid and effectual. Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814; Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. There can be no doubt that the surplus income belongs to the three sons, the ultimate remaindermen, and the plaintiff has no interest therein. Thorn v. De Breteuil, 86 App. Div. 405, 436, 437, 83 N. Y. Supp. 849; Pray v. Hegeman, 92 N. Y. 508, 519.

Thus far we have assumed the right of the plaintiff to bring an action in equity for the construction of her father's will. Read v. Williams, 125 N. Y. 560, 26 N. E. 730, 21 Am. St. Rep. 748; Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. But it seems that during his lifetime, and after the will was made, the testator discharged the mortgage upon the plaintiff's property mentioned in the will, and after the death of the widow the executors paid the plaintiff $15,000, which she received in full payment and satisfaction of the legacy for that amount given her in the second clause of the will; and the claim is made on behalf of the defendants that the receipt and retention of this legacy constitutes an election to take under the will, which estops the plaintiff from attacking the validity of the provision under which her right to the legacy arises, although the value of her share in the estate, were the second clause to be set aside, would be many times the amount of the legacy. It is not necessary to consider this point, however, as the main contention of the plaintiff is held to be without merit.

Accordingly a judgment may be entered to the effect that the will of the decedent is valid and effectual in all respects, except only as to the direction to accumulate the income beyond that required to satisfy the provisions of the will in regard to the widow and her household, and adjudging that said surplus income belongs to the three sons, and that the plaintiff has no right, title, or interest in or to any portion of the estate of the decedent, except the $15,000 legacy, which has been paid to her. The defendants are allowed costs, payable by the executors out of the estate.