In the Matter of the Application of the EQUITABLE TRUST COMPANY OF NEW YORK for Construction of the Will of FRANCES ROHR, Deceased.

Surrogate's Court, Bronx County, July 11, 1927.

Wills — construction — trust for benefit of three sons for life violates Real Property Law, § 42, and Personal Property Law, § 11 — permissive right to sell property and establish separate trusts does not save trust provision — provision authorizing sale of trust property and division of proceeds is valid.

A trust set up in the will of the testator for the benefit of her three sons for life, without disposition of the trust fund before the death of the last survivor, is invalid, in that it violates the provisions of section 42 of the Real Property Law, and section 11 of the Personal Property Law.

A further provision giving the trustee the right to sell the property and set up a separate trust fund for each of the three sons, does not make valid the trust provision, since the provision for the sale of the property and the establishment of a separate fund is permissive only and conditioned upon the inability of the trustee to rent or lease the real property for a reasonable amount, and does not, therefore, require the trustee to set up separate trust funds within a definite time.

Another provision of the will, authorizing the trustee to sell the trust property and divide the proceeds according to the intestate laws of the State of New York, is not so connected with the prior provisions as to be invalid and that provision may be carried into effect.

PROCEEDING for construction of will.

*Abraham A. Friedman*, for the petitioner.

*Charles H. Friedrich*, special guardian.

SCHULZ, S. By paragraph " fourth " of the will of the decedent she devised all of her real property to a trustee to carry out certain directions which are set forth in four subdivisions of that paragraph designated by the letters A, B, C and D.

Subdivision " A " provides for the distribution of the net balance of the rents and profits among her three sons, during their lives, with certain modifications in case of the death of any one or more of them, but for no disposition of the corpus of the trust fund before the death of the last survivor. This involves an unlawful suspension of the power of alienation and hence the trust cannot be carried out in that respect. (Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Leach* v. *Godwin*, 198 N. Y. 35, 41, 45; *Matter of Thaw*, 182 App. Div. 368, 372.)

The provisions of subdivision " B " give the trustee a right to set apart a separate trust fund for each of the three sons, and hence in that respect would not violate the statute, but the right

to sell the property and to establish the trust funds is permissive only and conditioned upon the inability of the trustee to rent or lease the real property for a reasonable amount. As no time is fixed within which the trustee is obliged to determine when such sale shall be made, i. e., when it cannot rent or lease at a reasonable sum, the trust might continue indefinitely, and hence is not limited as provided by the statute and is, therefore, invalid.

Under paragraph " fifth " of the will, as the trust fails in the respects stated, the trustee has a right to sell the property and divide the proceeds according to the intestate laws of the State of New York. These provisions of the trust can be carried out and are not so interwoven with the invalid ones above referred to that they cannot be given effect without doing violence to the intention of the testatrix, but on the contrary, compliance with them will accomplish what the testatrix evidently desired. They are, therefore, valid. (*Matter of Hitchcock,* 222 N. Y. 57, 73; *Kalish* v. *Kalish,* 166 id. 368, 375; *Matter of Thaw, supra,* 373.)

Even if the trust provisions in subdivisions " A " and " B " above referred to had been valid, the three sons of the decedent under paragraph " sixth " of the will are specifically empowered to nullify them, in which event the trustee would have been required to sell the real estate and distribute the proceeds after providing for the payment of the legacy of Margaret Rohr.

Settle decision and decree accordingly.