In the Matter of the Estate of HARRIET R. HARRISON, Deceased.

Surrogate's Court, Queens County, June 13, 1934.

*Wysong & Wysong*, for the petitioner Barbara W. Hardy.

*Wilson Lee Cannon*, for the petitioner Edward Ridgely Harrison.

HETHERINGTON, S. In this proceeding a construction of the following paragraphs of decedent's will is sought:

" Item VII. All the rest, residue and remainder of my estate, real, personal and mixed, * * * I do give, devise and bequeath

unto my husband, Daniel A. Harrison and my brother, Henry Ridgely, and to the survivor of them, in trust, nevertheless, and to and for the following uses, intents, and purposes, that is to say:

" To control, manage, invest and re-invest the same and to divide, at least annually, the rents, income and profits arising therefrom into two equal parts, paying one of said parts unto my aforesaid daughter, Barbara W. Harrison, and the other of the said parts unto my son, Edward R. Harrison; and when and as soon as the Trust hereby created shall terminate as hereinafter set forth, to divide the corpus or principal of the trust fund aforesaid into two equal parts and to pay, assign, transfer and set over one of said parts unto my aforesaid daughter, Barbara W. Harrison for her own use absolutely and forever, and to pay, assign, transfer and set over the other of said parts unto my said son, Edward R. Harrison, for his own use, absolutely and forever. It is my opinion that the Trust created in this Item should be terminated by the Trustees or the survivor of them, when and as soon as my aforesaid daughter, Barbara, shall arrive at the age of thirty-five years, or, if my said daughter shall die before reaching said age, at such time as she would have been twenty-five years of age had she lived; but it is my desire and I do declare it to be my will that the time for the termination of the Trust herein created shall be vested exclusively in the discretion and judgment of the said Trustees, or the survivor of them, and that they or he shall have the right, power and authority to put an end to said Trust, and to make the division of the corpus aforesaid either before or after the time hereinbefore indicated, as they shall deem for the best interest of my said children, or either of them. I do further confer upon the said Trustees, or the survivor of them, the power, if they or he deem it advisable to exercise the same, to terminate the Trust as to one part or share of the said corpus before terminating the Trust as to the other part thereof. I do further vest in my said Trustees and the survivor of them all and every power and authority necessary or proper for the carrying out the spirit and intent of this Item and of the execution of the Trust hereby created. * * *

" Item VIII. If either of my said children shall die before the termination of the Trust referred to in Item VII of this will, I do direct that the issue, if any of the one so dying shall be entitled during the continuance of the Trust created in Item VII of this Will to the income which their parent would have received if living, and such issue shall also be entitled upon the termination of the Trust aforesaid to receive so much or such part of the corpus of said Trust Fund as the parent would have received if then living; but if my child so dying as aforesaid shall leave no living issue, then

it is my will that my surviving child shall be deemed and held to be the sole beneficiary under the provisions of Item VII of this will. In the event of the happening of any of the contingencies referred to in this Item, the said Trustees or the survivor of them, are to have the same power and authority in regard to the trust aforesaid and to the period of its continuation and to the date of its termination as is conferred by Item VII of this will."

The petitioner, a son and beneficiary of the testatrix, contends that the trust attempted to be erected is illegal and void because its duration is vested exclusively in the discretion of the trustees, or the survivor of them, and is not measured by two lives in being at the death of the testatrix. The special guardian for decedent's five grandchildren and petitioner's sister both deny the asserted invalidity and urge on the contrary that the trust does not offend against the statute.

It is apparent from the language employed by the testatrix that she did not intend to make an outright gift to her children. Her primary object was to postpone the division and distribution of her estate to a future date. This she sought to accomplish by erecting a trust for the benefit of her children. It is clear that during the continuance of the trust the income was to be divided equally among them, and that a like division of the corpus should be made upon the termination of the trust. Nowhere, however, does she expressly limit the duration of the trust term to lives of any designated person or persons. While she expressed an opinion or request that the trust should be terminated upon her daughter's arriving at the age of thirty-five years, or in the event of her decease, at such time as she would have been twenty-five years of age had she lived, the language immediately following discloses a clear intent that the termination of the trust shall be vested exclusively in the discretion and judgment of her trustees. Termination might be made before or after the time she had previously suggested. While it may be true that the discretion of the trustee is circumscribed by the limitation that in selecting the time of termination they should be guided by the best interests of the children, the possibility of a termination subsequent to their deaths is, nevertheless, not excluded. There is an unlawful suspension of the power of alienation unless the estate vests in every possible contingency within the statutory period. (*Matter of Mount*, 185 N. Y. 162; *Schettler* v. *Smith*, 41 id. 328; *Haynes* v. *Sherman*, 117 id. 433; *Central Trust Co. of N. Y.* v. *Egelston*, 185 id. 23; *Matter of Hitchcock*, 222 id. 57.) It is not sufficient that it may or, even, that subsequently it does vest. (*Matter of Horner*, 237 N. Y. 489, 502.) Further indication of her intention that the judgment or discretion

of the trustees should control the continuance and termination of the trust is found in the eighth paragraph. The testatrix has made it reasonably plain that she preferred the judgment of the trustees as to the time of termination of the trust rather than fixing a definite and ascertainable time. The situation here is not similar to that disclosed in *Crooke* v. *County of Kings* (97 N. Y. 421, 439), where the trust was for the life of the trustee, to apply the income to the support of the nine children of the testatrix. There it was held that the duration of the trust was for a single life and that " a trust dependent upon lives, as beneficial objects, need not, necessarily, be dependent upon the same lives for its duration." It is equally true that the continuance of a trust may validly be made dependent upon the lives of strangers to the trust. (*Bailey* v. *Bailey*, 97 N. Y. 460.) It is here suggested that if the lives of the children do not measure the duration of the trust, it may be sustained as being measured by the lives of the trustees or the survivor of them. Nowhere does the testatrix expressly so provide. The repeated direction that the judgment and discretion of the trustees should control its continuance would necessarily have to be ignored to impute to her the intention that the lives of the trustees limit the duration of the trust. I feel that the testatrix has failed to limit its duration in conformity with the statute, and, therefore, conclude that same is invalid, and that she died intestate with respect to her residuary estate. Submit decree accordingly on notice.