In the Matter of the Estate of MARGARET WEIR CARY, Deceased.

Surrogate's Court, Kings County, March 6, 1935.

*McGuire & McGuire*, for Genevieve M. Cary.

*George L. Naught*, for the American Surety Company.

*Gross & Keck*, for Albert A. Hovell, as substituted trustee.

*Thomas Cradock Hughes*, for Spencer C. Cary.

*Edward H. Wilson*, for Albert A. Hovell.

*Albert D. Schanzer*, special guardian for Eleanor Patricia Cary and others.

*Hovell, McChesney, Clarkson & Klupt*, for substituted trustee.

WINGATE, S. The presently propounded question of testamentary interpretation concerns the manner of devolution of the remainder of a trust erected by testatrix's will for the primary benefit of her two sons.

By the terms of the instrument the principal was given to the trustee with directions to apply the income in equal shares for their education until they, respectively, attained the age of twenty-one years, and thereupon to pay it to them until they reached twenty-five, the direction continuing: " and when my said sons shall respectively attain the age of twenty-five years, I bequeath to each of my said sons one-half of the principal of said trust fund for his own use and benefit absolutely and forever."

The will contained a general residuary clause.

By a codicil, testatrix altered this direction, and while making the income applicable to the sons' education during their minorities, she directed that it thereafter be paid to them until they reached the age of thirty-five, continuing: " and upon the arrival of each of my said sons at the age of thirty-five years, I give and bequeath the principal of one-half of the said trust fund to each of my said sons to be paid by my said trustee to each of my said sons for his own use and benefit absolutely."

Whereas there is a strong legal inference of an intention for a present vesting of testamentary benefits (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Milhau*, 151 Misc. 283, 289; *Matter of Soy*, 143 id. 217, 221), this cannot be indulged where the language of the will clearly imports a contrary wish.  By the words here employed there is an evident purpose to make only a future gift, so far as the principal of the fund is concerned, and this future gift is conditioned upon the happening of a specified event, namely, " upon the arrival of each of my said sons at the age of thirty-five years." If either attempted to collect one-half of the principal from the trustee prior to the happening of the specified event, a defense of the non-occurrence of the condition upon which the gift was limited would be a complete answer.

By reason of the death of one of the sons prior to his attainment of the specified age it has now become impossible of being met. The son could not recover it, and no greater rights in this regard can pass to his executor than those which he himself possessed. (*Matter of Guarneri*, 149 Misc. 759, 763.)

Since there was a general gift of the residue, the principle does not apply that a general gift of income without mention of the principal implies a gift of the latter.  (*Matter of Loomis*, 154 Misc. 549.)

It follows that the one-half of the corpus of the trust from which the deceased son received the income during his life will devolve under the residuary paragraph of testatrix's will.

Enter decree on notice.