In the Matter of the Estate of RICHARD L. LEO, Deceased.

Surrogate's Court, New York County, January 16, 1939.

492

*Addison S. Pratt*, for the petitioners.

*Stewart & Shearer*, for Barnard College.

*Ernst, Cane & Berner* [*Melville H. Cane* and *Pincus Berner* of counsel], for the respondent Rita Wellman Leo.

*Sage, Gray, Todd & Sims* [*William E. Birdsall* of counsel], for the Prison Association of New York.

*Proskauer, Rose & Paskus* [*Alfred L. Rose* and *Jacob P. Aronson* of counsel], for Mt. Sinai Hospital.

*Allan R. Campbell,* for Sarah Leo and Beatrice L. Pappenheimer.

FOLEY, S.  A question of construction is raised in this executors' accounting.  By his will the testator created a trust of his residuary estate to continue during the successive lives of his mother, his sister and his *fiancée.*  The testator's mother and sister are still living.  The third life tenant, Alma F. Wallach, survived the testator, but is now dead.  The primary and secondary life estates are readily severable from the invalid provisions which unduly suspend the power of alienation and will be upheld.  (*Matter of Trevor,* 239 N. Y. 6; *Matter of Horner,* 237 id. 489.)  All ulterior trust provisions are invalid and cannot be given effect.

The principal controversy concerns the nature of the gift of the remainder.  The will provides that on the death of the third life tenant " this Trust Fund is to become a Perpetual Endowment Fund for Scholarships at Barnard College of the City of New York, or Beds in Mt. Sinai Hospital of the City of New York.  The amount to be devoted to one or both of these purposes is not to exceed $15,000.00.  The destination of this Fund is entirely at the discretion and under the direction of Alma F. Wallach."  The will further provides that the entire excess of the estate over $15,000 is to be paid to another charitable legatee.  If the gifts of the remainder are vested they may be accelerated and given effect at the end of the valid period during which the trust may continue. If contingent, the remainders cannot be accelerated and intestacy may result.

The language of the will is clear and I hold that the testator intended to devote $15,000 from the remainder of the trust to a charitable purpose or purposes.  It has been argued that the power conferred upon Alma F. Wallach to distribute this $15,000 to one or both of the named charities is invalid and being invalid, the remainder is contingent. It is contended there is a possibility that the power cannot be exercised within the period during which the power of alienation was suspended.  The power, however, is one which might have been exercised by deed during the lifetime of the donee. It was not restricted to a testamentary exercise.  Its enforcement was possible immediately upon the termination of the permissible period for the suspension of the power of alienation.  The power to select the charitable remaindermen is a special power in trust. (Real Prop. Law, § 138.)  Moreover, the power is an imperative

power. (Real Prop. Law, § 157.) The donee of the power could be compelled to exercise the power by the persons interested. Section 160 of the Real Property Law provides as follows: " If the trustee of a power, with the right of selection, dies leaving the power unexecuted, its execution must be adjudged for the benefit, equally, of all the persons designated as beneficiaries of the trust." As the donee of the power died leaving the power unexecuted, the two charitable corporations must be adjudged to be entitled to share equally in the gift of $15,000. The power being valid and it being adjudged that it has been exercised for the benefit of each of the charities equally, the remainder interest of each of the charities is vested and may be accelerated at the end of the valid trust period.

Regardless of the validity of the power or its execution or non-execution, the remainder must, nevertheless, be held to be vested. Eliminating from consideration the language of the will giving Alma F. Wallach the power of selection, the will merely provides that $15,000 out of the remainder is to be given to either or both of two named charities to accomplish either or both of two specific charitable purposes. Such a charitable gift of a remainder cannot be held to be contingent. The general charitable intention of the testator would be preserved by the *cy pres* powers of the court even if the charities were not named and the purpose or purposes were vague. Here the testator has named the charities and specified the purposes. In the exercise of its *cy pres* powers, the court determines that each of the charities is entitled to an equal share of the remainder. The authority to employ the *cy pres* doctrine to the charitable gifts in this will is not open to question. (*Matter of Gary*, 272 N. Y. 635, affg. 248 App. Div. 373; *Matter of Dazian*, 167 Misc. 151; affd., 255 App. Div. 951; *Prudential Ins. Co.* v. *New York Guild for Jewish Blind*, 252 id. 493; *Matter of Meyers*, 166 Misc. 712; *Matter of Mills*, 156 id. 473; *Matter of Walter*, 150 id. 512.) It would thus appear that this gift of the remainder of the trust is vested regardless of the validity or invalidity of the power of selection conferred on Alma F. Wallach. The gift of the remainder in excess of $15,000 is clearly vested. The remainder gifts may, therefore, be accelerated to take effect at the termination of the second life estate.

The direction in the ninth paragraph of the will may be disregarded by the executors as the purpose for which this direction was made has failed.

Submit decree on notice construing the will and settling the account accordingly.

FOLEY, S. Supplementing my prior decision in this matter (170 Misc. 491), I hold that no portion of the testator's property passed by intestacy. This conclusion applies specifically to the remainder of the fund of $2,000 provided in article eighth of the will with directions to pay the income for the primary life of Fredoline L. Schwartz, the aunt of the testator. The life beneficiary of this trust died in the year 1916. Since that year the income not only of the fund of $2,000, but also the income of the remainder of the residue of the estate, has been paid by family agreement of the next of kin to the mother of the decedent. She still survives.

Under my interpretation of the entire will of the testator, he intended the creation of a single trust fund of the entire residue. His language clearly supports this construction of his intent. His direction in article fourth was that the residue of the estate be converted into a "Trust Fund." In article fifth he repeated that phrase. In article seventh he again referred to "This Fund." In article eighth, which has to do with the immediate question in dispute here, he gave directions that his aunt be paid "the income of $2,000 in the Trust Fund during her Life." Plainly he intended that the income of that amount should be carved out of the residuary trust only during the life of his aunt. The smaller fund, however, was an integral part of the entire residue. There was no separation or division of the smaller fund in the disposition of the remainder provisions to the charities which clearly applied to the entire residuary trust. After the death of his aunt the general directions as to the payment of income previously given by him in article fourth were to be carried out. Additional support for my conclusion is found in the context and arrangement of the will and in the directions in article ninth where the small bequests of $100 each were treated as ordinary pecuniary legacies not payable out of the residue because of the direction that such amounts be set aside "subject to none of the above provisions." Plainly the above provisions referred to the dispositions of the entire residue inclusive of the income and principal of the fund of $2,000.

I accordingly hold that the primary life estate for the aunt of the decedent was valid and that under article fourth the decedent intended that after the death of his aunt the income should be paid to his mother. Such secondary life estate is valid, but the further directions to pay the income of the fund of $2,000 for a possible third and fourth life violated our statute against perpetuities. The remainder in this special fund will, therefore, vest in possession as of the death of the mother and the principal must be distributed

at that time equally between the two charities as set forth in my prior decision. With the exception of the fund of $2,000 the residue of the property is to be held in trust pursuant to my original direction during the life of the testator's sister. The citation of authorities is futile in view of the peculiar, distinctive and yet clearly revealed purposes of the testator in the homely form in which he wrote his will.

Submit decree on notice construing the will and settling the account in accordance with this and my prior decision.