Anthony P. Savarese, S.
In this accounting proceeding petitioner seeks a construction of subparagraph five of paragraph three of the last will and testament of Francesco Leto who died on March 14, 1953.
The portion of the will in question disposes of one fifth of the testator’s residuary estate as .follows: “ Third: (5) My son, Joseph Leto, now residing in Astoria, L. L, N. Y. In Trust, for my grandchildren, the children of my daughter, Rosa Leto Fornario, surviving me, equally share and share alike for the following uses and purposes: It is my will and desire that any monies that I have in trust for my aforementioned grandchildren be used first for their individual educational advancement. However, it is my further will and desire that my aforesaid grandchildren never lack the necessaries of a normal *401 healthy existence. And in this respect, I hereby empower and direct my Trustee, or any successor Trustee, as the case may be, to use any and if necessary all of the principal accruing to any of my aforementioned grandchildren as in his discretion he shall deem necessary and proper for the care, support and maintenance of said grandchildren, always bearing in mind that it was my primary wish that these monies be used principally for their individual education advancement.”
On its face the foregoing provision is a gift of income. No directions for the ultimate distribution of the corpus appear. Nor is any time set for the termination of the trust or trusts created. The testator indicated merely that his primary concern was to assure the opportunity for the education of his surviving grandchildren,- a temporary purpose. Yet the reading of the will as a whole indicates no intention of partial intestacy. The law presumes complete testacy in absence of an expressed intention to the contrary. (Matter of Forde, 286 N. Y. 125.) In keeping with the preference of the law for complete testacy a gift of the income of a trust fund for a specified temporary purpose incident to the welfare of the beneficiary, but not otherwise qualified, will usually be construed as a gift of the absolute interest, the trust being terminable when the purpose is accomplished. (Hatch v. Bassett, 52 N. Y. 359; Jennings v. Conboy, 73 N. Y. 230; Locke v. Farmers’ Loan & Trust Co., 140 N. Y. 135.) It is in accord even where, as in the instant ease, the principal is mentioned as available for invasion only in case of necessity. (Matter of Ingersoll, 95 App. Div. 211; Matter of Sackett, 201 App. Div. 58.) The rule is applied wherever there is no residuary clause for the prevention of intestacy. (Matter of Loomis, 154 Misc. 549; Matter of Cary, 154 Misc. 682.)
Testator was survived by four grandchildren, the children of his daughter, Bose Leto Fornario. Of these the youngest was born some three months after testator’s death but may nevertheless qualify as a member of the class, grandchildren, having been in esse on the date of testator’s death. (Matter of Goodyear, 188 Misc. 700.)
A further problem involved is the possible violation of section 11 of the Personal Property Law and section 42 of the Beal Property Law, the so-called rules against perpetuities. Testator’s expressed intent that the properties in question be held ; in trust for a period at least sufficient to complete the education .of dns grandchildren would, if considered to establish one trust, extend - such trust during four lives in clear violation of the ■ statute. Such interpretation may be avoided, however, without *402 doing violence to testator’s desires, by deeming Ms will to have created four separate trusts though the fund be held in solido for convenience of admimstration. (Schermerhorn v. Cotting, 131 N. Y. 48; Matter of Buttner, 243 N. Y. 1; Matter of Borneman, 68 N. Y. S. 2d 358.) Where two possible interpretations are possible the court will adopt that which validates the will and gives effect to the testator’s wishes. (Matter of Gallien, 247 N. Y. 195.) Indeed evidence can be found indicating testator’s desire to create separate trusts in his reference to the invasion of the “ principal accruing” to each of his grandchildren. In view of the above, the court construes sub-paragraph 5 of the third paragraph of the will as creating four separate trusts, each of wMch will be terminated at the completion of the education of the respective grandchild, at wMch time said grandchild will be entitled to the portion of the fund held in solido, accrmng to Mm. The trust fund to be held for the benefit of the four infant beneficiaries should be paid to the petitioner upon his qualifying as trustee.
The affidavit of the executrix amending his account discloses that he has paid to himself a total sum of $5,523.20 without taking into account such sum as may be incurred for additional administration expenses. The supplemental report of the special guardian discloses that the executor also has paid to each of Ms three brothers the sum of $5,523 and the nominal legacy given to his sister. The taking, of commissions by the executor prior to their allowance was improper. He is directed to file an affidavit no later than March 15, 1957, setting forth all payments made to legatees and interest credited on savings accounts since February 9, 1956. In the meantime decision on his liability for any surcharge will be withheld. Proceed accordingly.