Maximilian Moss, S.
In the court’s decision of September 28, 1960 it was noted that the matter was settled pursuant to stipulation to be filed, subject to the approval of the court. Such stipulation, dated October 25, 1960, has been filed and the same is approved. The compensation of petitioner for legal services to the estate is fixed pursuant to section 285 of the Surrogate’s Court Act in the amount indicated in said stipulation.
The court is required to construe paragraph “ Sixth ” of the will wherein the residuary estate is given in trust for the benefit of testator’s four children, to share the net income equally ‘ ‘ until such time as the mortgages which I hold on properties * * * are paid in accordance with their terms and upon receiving such payment in full of said mortgages, the principal thereof shall be paid to my said four children * * * in equal shares, per stirpes and not per capita, to be theirs absolutely and forever.” The court holds that the residuary trust therein attempted is invalid because its duration is measured by the maturity dates of certain mortgages on real property and not by lives in being. The residuary estate therefore passes by intestacy to testator’s four children named therein, his only distributees. The will is so construed.