Maximilian Moss, 8.
A construction is sought of article “ eighth ” of the will in order to determine whether the trusts thereby created are valid.
Under said “ eighth ” article, if testator’s wife predeceased him, which occurred, 3 funds of 40, 30 and 30% of the residuary estate are to be held in trust for the respective benefit of his daughter and two grandchildren. The trust for each of the grandchildren is to terminate when the grandchild for whom it was created attains the age of 21 years, in which event the corpus of the trust is to be distributed to the grandchild. Alternate provision is made for distribution of the corpus in the event the grandchild dies prior to reaching 21 years of age, and under certain contingencies the corpus is to be added to the daughter’s trust.
Subdivision b of paragraph “ eighth ” provides for payment of $20 per week from the principal of daughter’s trust, in addition to income, if the daughter finds it necessary for her support, maintenance and general welfare. The subdivision concludes with the statement “until such time as the trust fund created for her benefit as herein provided shall have been depleted or she shall be deceased, whichever event first occurs.”
The court determines that testator intended and did provide that three valid trusts be created in'the stated percentages of the residuary for his daughter and two named grandchildren. *871 The trust for each of his grandchildren is to terminate when such grandchild attains the age of 21 years or if she sooner dies. The trust for the daughter is to continue during her life or until the fund is depleted by the invasion of the principal as provided in subdivision b of paragraph ‘ ‘ eighth ’ The fact that testator may have failed to provide for payment over of the remainder of her trust does not invalidate it. The question of disposition of the remainder of such trust is presently academic and unnecessary of determination (Matter of Mount, 185 N. Y. 162; Matter of Trevor, 239 N. Y. 6; Looram v. Looram, 269 N. Y. 296). The will is construed accordingly.