S. Samuel Di Falco, S.
In this proceeding to settle the final account of the executor instructions are requested which involve *364 a construction of the will of testator’s widow, who was the donee of a power of appointment given in his will. She survived him but subsequently died. In his will this testator gave 55% of his residuary estate in trust for his widow’s life and gave her power of appointment as follows: “ and upon her death, to pay or distribute the principal thereof to or among such person or persons and in such shares or proportions, or to the estate of my said wife, as my said wife shall appoint by her last will and testament duly admitted to probate and containing an express reference to the power of appointment herein conferred, and not otherwise, or in default of such appointment, or to the extent to which any attempted appointment, thereof shall for any reason be ineffective, to pay over said principal to my trustee hereinafter named to be added equally to the principal of each of the trusts set up in Paragraphs ‘ B ’, ‘ C ’ and ‘ D ’ hereof for the benefit of the persons named in said trusts as remaindermen and beneficiaries thereof.”
In her will, Helen B. Connor, the testator’s widow, attempted to exercise the power of appointment as follows:
“ The bequest made to me by my late husband, Patrick J. Connor, in Paragraph ‘ Third ’ of his will, shall be kept intact, and after all legacies and expenses are paid shall constitute the trust herein created. The income of said trust is to be divided into six (6) equal shares and shall be paid at least once a year to the following persons, to-wit: My sisters, Mary Dempsey, Margaret Harder, Katherine McCarthy, Bose Templeton; and Irene Boyle; and to my sister-in-law, Margaret Peyton, share and share alike.
“ If and when the enterprises and/or businesses founded by my late husband are sold or liquidated, the trust principal is then to be paid over to the above-named six persons or their heirs, share and share alike; the heirs are only to take the share of any deceased legatee herein named and no more.”
In a codicil to her will she revoked the last paragraph above set forth, substituting the following: “If and when the enterprises and/or businesses founded by my late husband, Patrick J. Connor, are sold or liquidated, the trust principal is then to be distributed and paid over, share and share alike, to the surviving legatees herein named and only to them and not to the heirs or next-of-kin of any deceased legatee. In other words, only those legatees alive when the trust is liquidated are to receive the principal of said trust and no other.” It is conceded that some of the businesses and enterprises of this decedent have not been sold or liquidated.
*365 It is clear that the term of the purported trust under the will and codicil of the donee is not measured by lives in being at the time of her death but by an indefinite or undetermined event, namely, the sale or liquidation of businesses or enterprises and it is therefore invalid under the Statute against Perpetuities (Matter of Morrison, 173 Misc. 503; Matter of Nathanson, 27 Misc 2d 340; Matter of Harrison, 152 Misc. 234; Matter of Leahy, 119 Misc. 556; Matter of Fridenberg, 116 N. Y. S. 2d 234; Real Property Law, § 42; Personal Property Law, § 11). As pointed out in Matter of Morrison (supra), postponement of vesting until the exercise of discretion by a trustee to liquidate is clearly void and violates the Rule against Perpetuities.
It is contended by the legatees under the donee’s will that the trust may be upheld as one for the sale of real estate under subdivision 2 of section 96 of the Real Property Law. Such a contention is without merit because neither the will nor the codicil of the donee directs the sale of real estate nor do they contain a power of sale and furthermore, the parties interested in the income differ from those who may take the remainder, as only the survivors of this group will take upon sale (Matter of Richter, 14 Misc 2d 1079 ; Matter of Callister, 282 N. Y. S. 367).
Since the trust is invalid it follows that the purported exercise of the power of appointment is invalid and of no effect (Guaranty Trust Co. v. Harris, 267 N. Y. 1; Matter of Fowler, 31 Misc 2d 62; Matter of Strong, 171 Misc. 445; Matter of Kelly, 161 Misc. 255).
In view of the above the fund sought to be appointed, namely, 55% of the residuary estate, must be paid as a gift over to the trustees or persons named in the will of the donor who would take upon failure to validly and effectively exercise the power of appointment.
Objections to the account have been interposed by the administrator of the estate of Mary Dempsey, one of the persons named in the will of the donee who survived her but subsequently died. While such objections would be overruled they have become academic by reason of the holding of the court herein on the question of construction.
Objections to the account have also been interposed by the administrator c. t. a. of the estate of the donee, objecting to the allowance of certain commissions to the executor on income representing rentals from real estate based on the allegation that he was the controlling stockholder individually or as fiduciary of corporations from which such income was received. The executor in his reply points out that the account and supple *366 mental account show that all rentals upon which commissions are sought were received under leases made by the decedent or by the executor and payable directly to the estate. None were paid by or received by any corporation of which the executor had any stock ownership individually or as fiduciary or otherwise. The objections are overruled.
The reasonable compensation of the attorneys for the attorney fiduciary is fixed and allowed in the amount requested.
Allowance to counsel for services rendered in the construction proceeding will be fixed upon the settlement of the decree. The attorneys requesting such allowances are directed to file affidavits of service in support thereof.