Edward S. Silver, S.
The court is required to determine the validity of the trusts created by testatrix’ will. Article <i Third” of the will directed the creation of three separate equal trusts of the testatrix’ residuary estate and named Romanian nationals as beneficiaries of said trusts. The income beneficiaries are testatrix’ brother, sister and two children of a predeceased sister. Article “ Fourth O ” named the income beneficiaries as remaindermen and directed that said trusts are to terminate when Romania is no longer under Communistic domination.
*285 The question presented is whether or not the trusts are invalid as they are to terminate upon the happening of an event. The rules of construction set forth in section 42-c of the Real Property Law are not applicable to the facts in this case.
Directions for a trust to terminate upon the happening of an event can be given no force or effect unless a provision can be found in the will which limits the duration of the trust to lives in being as prescribed under section 42 of the Real Property Law (Matter of Drury, 249 N. Y. 154; Schemerhorn v. Cotting, 131 N. Y. 48). Under this will, it is clear that the purported trusts are not measured by lives in being at the time óf testatrix’ death but by an indefinite event, namely, the liberation of Romania from Communistic domination. The court therefore holds the trusts to be invalid (Matter of Connor, 37 Misc 2d 363, 365 and cases cited therein) and the residuary estate passes as in intestacy. The shares of the distributees, who are Romanian nationals, will be deposited with the Director of Finance of the City of New York pursuant to section 269-a of the Surrogate’s Court Act (Matter of Greenberg, N. Y. L. J., June 16, 1964, p. 14, cols. 3 — 4).