■ In the Matter of the Estate of VENDEL J. KRIVAN, Deceased. GERALD M. SYCHRA, as General Guardian of CAROL SYCHRA, an Infant, Appellant; ALBERTHA KRIVAN, as Executrix of Vendel J. Krivan, Deceased, et al., Respondents.— In a proceeding to determine the validity and construction of a will, petitioner appeals from a decree of the Surrogate's Court, Queens County, dated July 22, 1968, which construed paragraph " Second " of the will as (1) creating a valid trust for the support, maintenance, education and general welfare of testator's only son, Jonathan; (2) providing that the trust shall terminate upon the happening of the contingencies set forth in that paragraph or upon said beneficiary's death, whichever would occur first; and (3) providing that the remainder of the trust, if in existence at the death of said beneficiary, shall vest in those persons entitled to receive his property, whether by will or by intestacy. Decree affirmed, with one bill of costs to respondents jointly, payable by appellant personally. In our opinion, the Surrogate did not commit error in upholding the validity of the trust. First, there was not a remoteness of vesting in violation of the rule against perpetuities (Real Property Law, § 42; Personal Property Law, § 11 [both incorporated into EPTL 9-1.1 as of Sept. 1, 1967; testator died in August, 1967]), because the trust must vest no later than at the death of the testator's son, i.e., within a life in being at the time the interest was created. Since it was the testator's clearly expressed intent to establish the trust for the sole purpose of providing for the welfare of his son, it was perfectly reasonable to read into the trust, by operation of law, a provision that should none of the stated contingencies occur the trust would continue until terminated by the beneficiary's death (see *Crooke* v. *County of Kings,* 97 N. Y. 421, 458; see, also, *Matter of Colletti,* 155 N. Y. S. 2d 48; *Matter of Leto,* 7 Misc 2d 400, and cases cited therein; *Matter of Denniston,* 157 Misc. 80; *Matter of Innerfield,* 153 Misc. 706). Second, in spite of petitioner's contention to the contrary, there is no unlawful suspension of the power of alienation beyond the permissible period. It would be an unreasonable interpretation of the testator's intent to hold that the executrix could exercise her power to terminate the trust within some arbitrary time period unconnected with the life of the beneficiary (cf. *Matter of Hearn,* 158 Misc. 370). Although *Matter of Harrison* (152 Misc. 234), decided in 1934, reached the opposite conclusion on somewhat similar facts and is therefore cited by petitioner as strong precedent in his favor, it was never appealed to this court and we are therefore not bound to follow it. In any event, that case can be distinguished on the ground that there, unlike the trust presently under consideration, " The testatrix * * * made it reasonably plain that she preferred the judgment of the trustees as to the time of termination of the trust [the time for termination was exclusively vested within the discretion and judgment of the trustees as they deemed fit for the best interests of the children-beneficiaries], rather than fixing a definite and ascertainable time " (p. 237). Other cases cited by petitioner are also distinguishable on their facts, either because they were decided under more restrictive versions of the rule against perpetuities than was in effect at bar (*Matter of Roe,* 281 N. Y. 541; *Matter of Manning,* 133 Misc. 695, affd. 227 App. Div. 644, affd. 252 N. Y. 540; *Matter of Perkins,* 245 N. Y. 478) or because the trusts in question could last for periods of time unrelated to lives in being (*Matter of Connor,* 37 Misc 2d 363; *Matter of Nathanson,* 27 Misc 2d 340; *Matter of Morrison,* 173 Misc 503; *Matter of Fridenberg,* 116 N. Y. S. 2d 234).

Finally, the fact that the testator made no provision for payment over of the remainder of the trust in the event that the trust would still be in existence at his son's death does not invalidate it (*Matter of Abramson*, 31 Misc 2d 870, and cases cited therein). Furthermore, not only is there a strong presumption against intestacy as to a part of an estate where a testator makes a will that attempts to dispose of his entire estate (*Hadcox* v. *Cody*, 213 N. Y. 570; *Matter of Birdsell*, 271 App. Div. 90, affd. 296 N. Y. 840; *Matter of Haber*, 281 App. Div. 383, 385, affd. 306 N. Y. 706), but the law presumes complete testacy in the absence of an expressed intent to the contrary (*Matter of Forde*, 286 N. Y. 125). At bar, since the testator's widow predeceased him, the only other close relative who could take besides his son would be his daughter, appellant's ward, who was excluded from taking anything by the express terms of the will. We are therefore in agreement with the Surrogate's determination that any remainder of the trust existing at the son's death shall pass to those persons entitled to receive his property at that time, whether by will or by intestacy. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.