OPINION OF THE COURT
Bernard M. Bloom, S.
As an incident to the settlement of his final account, the administrator c.t.a. seeks construction of the only dispositive provision of the will.
*2 Testator died on December 11, 1979, survived by a daughter Ona and her children. All of them reside in that portion of the USSR formerly denominated as Lithuania. Testator’s 1970 will and 1979 codicil have been probated.
The dispositive provision is article second, which states: “I give, devise and bequeath all the rest, residue and remainder of my property and estate * * * to my trustee * * * in trust * * * to accumulate or to pay or apply in whole or in part the net income therefrom and the principal thereof, in the sole and uncontrolled discretion of my said trustee, for the care, maintenance and support of my beloved daughter, Ona Bosiene, nee Isganaitis * * * If my beloved daughter, Ona * * * shall predecease me then and in that event, the gift herein provided * * * shall be applied * * * for the care, maintenance and support of her children * * * and any other children born to my daughter before my death”. Though the trustee is empowered to distribute income or principal to the beneficiary in his sole discretion, his authority is limited by the following clause of the codicil: “It is my will and I direct that said trustee * * * shall not pay over or transmit any money in cash and shall not send material goods in any form including parcels to my beloved daughter or her children, my grandchildren, until Lithuania is again free and independent from Russian rule, or until said distributees live in a free country not under communist domination.” The will and codicil make no express provision for termination of the trust or disposition of the trust remainder.
Ona survived testator and now contends that the purported trust is void as violative of the rule against perpetuities and that, accordingly, the net estate should be distributed immediately to her.
The current New York rule against perpetuities relates both to remoteness of vesting and suspension of the absolute power of alienation and is contained in the following pertinent provisions of EPTL 9-1.1:
“(a) (1) The absolute power of alienation is suspended when there are no persons in being by whom an absolute fee or estate in possession can be conveyed or transferred.
“(2) Every present or future estate shall be void in its creation which shall suspend the absolute power of alienation by any limitation or condition for a longer period than *3 lives in being at the creation of the estate and a term of not more than twenty-one years * * *
”(b) No estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate and any period of gestation involved.”
In determining whether a testamentary provision is valid, it must be tested against both statutory standards. In making such determination, the court must look to what might have happened rather than what actually happened after testator’s death. Thus, when the instrument takes effect, the interest must be certain to vest within the permissible period (Matter of Schuette, 63 Misc 2d 315). If under any possible chain of events the interest may not vest within the period, it will be deemed invalid.
In determining whether the dispositive provision of this will violates the remoteness in vesting portion of the rule against perpetuities, there are two distinct interests which must be considered — the interest of the beneficiary of the trust and the interest in the undisposed trust remainder. Both interests must vest within the statutory period of “not later than twenty-one years after one or more lives in being at the creation of the estate”.
The testator neither stated specifically the trust was to terminate, nor did he dispose of the corpus of the trust. It would appear that this trust must continue at least until the contingency provided in the codicil occurs. If this is so, the trust must fail because in such case duration of the trust would not be measured by lives in being as required by the statute.
However, upon further examination of article second, it becomes apparent that testator intended a different disposition of his estate — one that would not involve a violation of the rule. Several aspects of the language of the article indicate that he did not contemplate existence of the trust beyond the life of the income beneficiary. He devised his entire estate for her “care, maintenance and support”. Where no specific time is set for termination of a trust, it is terminable when its purpose is accomplished (Matter of Leto, 7 Misc 2d 400). In Matter of Hopf (125 NYS2d 269) a will containing a trust for the benefit and education of two named grandchildren contained no express provision for *4 the trust’s termination. In he .ding that this omission would not affect the trust’s validity, the court stated: “If the fund is exhausted during the lives of the named beneficiaries or the survivor of them, the trust will terminate by operation of law * * * In the event the principal of the fund has not been exhausted upon the death of the survivor of the two named beneficiaries it would be distributable pursuant to the residuary clause” (p 270).
Similarly, Matter of Krivan (32 AD2d 551) upheld the validity of a trust whose terms did not specifically provide for termination in the event the beneficiary should die before attaining age 21 or getting married. The court found: “Since it was the testator’s clearly expressed intent to establish the trust for the sole purpose of providing for the welfare of his son, it was perfectly reasonable to read into the trust, by operation of law, a provision that should none of the stated contingencies occur the trust would continue until terminated by the beneficiary’s death” (p 551). Since the purpose of the instant trust is to provide for the care, maintenance and support of the designated beneficiary, the testamentary purpose of testator will be exhausted and the trust must terminate by operation of law on the beneficiary’s death (Crooke v County of Kings, 97 NY 421; Matter of Colletti, 155 NYS2d 48; Matter of Innerfield, 153 Misc 706).
Buttressing this conclusion is the fact that when testator specifically named as alternate beneficiaries the children of Ona, he included as members of this class only “children born to my daughter before my death”. In including this provision, testator made manifest his intent that the objects of his beneficence were to be only his daughter and those of his descendants born to his daughter before his death and that the trust was not meant to continue, in any event, beyond lives in being at its inception.
Ona contends that the codicil is the only limit upon the duration of the trust. It is true that directions for termination of a trust upon the happening of an event can be given no effect (Matter of Morosan, 46 Misc 2d 284). However, the codicil here does not govern the trust’s termination. It is merely a limit upon the discretion of the trustee to pay out income or principal during the life of the beneficiary. Nowhere does the codicil state that it is to be terminated when Lithuania is free from Russian rule or when the *5 beneficiaries are in a free country not under Communist domination.
In support of her contention that the trust suspends the absolute power of alienation, Ona cites Matter of Harrison (152 Misc 234). There testator expressly stated that the termination of the trust was determinable at the discretion of the trustee. Under such circumstances, the court found the absolute power of alienation to be suspended, beyond the permissible period because the fee was alienable by interested parties not for a period referable to lives in being but at the trustees’ discretion.
No such intention can be discerned in the instant case. Even though the trustee is given the power to invade the trust at his discretion, such authority may not be converted into an absolute power to terminate unconnected with the life of the beneficiary. (Matter of Krivan, cited supra).
Ona further argues that the trust contains an illegal direction to accumulate income. EPTL 9-2.1 (subd [a]) provides that a direction for the accumulation of income is void unless authorized by statute. EPTL 9-2.1 (subd [b]) validates such an accumulation if it is to begin and terminate within the time allowed by the rule against perpetuities. Since the direction to the trustee is to withhold from the beneficiary cash and “other material goods” only during the prescribed period of the rule, such direction is valid.
Accordingly, the court finds the trust to be valid and not violative of the rule against perpetuities.