OPINION OF THE COURT
John M. Thomas, S.
Before the court is the petition of David A. Moss for the construction of clause second of the last will and testament of his mother, Ruth E. Moss.
The decedent, Ruth E. Moss, died June 14, 1984 survived by her son, David A. Moss, the petitioner herein, as her sole distributee. Mrs. Moss’ will was admitted to probate by this court on July 12, 1984.
*781 The entire will is only five paragraphs long and the dispositive provisions are contained within clause second in the form of a residuary testamentary trust given to the trustee: ”[T]o hold, administer, invest and reinvest for the benefit of my son, David A. Moss and to collect the income thereof and pay any lawful expenses incidental to the execution of the trust and to pay out to my son the sum of $500.00 each month until such time when the trust fund is depleted of all its assets. However, in the event that said assets reach a minimum of $2,500.00, the Trustee may in his discretion terminate said trust and after payment of any remaining expenses, disburse remaining moneys to my son above mentioned.”
The trust does not permit invasion of principal or require termination at any specific time, although it does permit the trustee at his discretion to terminate the trust at such time as the principal reaches a minimum level of $2,500. In addition to the obvious shortcomings of the trust the primary problem arises from the fact that the assets of the estate are sufficient to produce over $500 per month in income which is the limited payment to the beneficiary. Thusly, the trust corpus will never be reduced to $2,500 and with no principal invasion permitted the trust will never end. This, of course, is in direct contravention of EPTL 9-1.1 (the rule against perpetuity).
The petitioner, citing a series of cases, among them, Matter of Harrison (152 Misc 234 [1934]) and Matter of Morrison (173 Misc 503 [1939]) contends that since the trust unlawfully suspends absolute power of alienation for more than lives in being and 21 years, it is void and the corpus passes by intestacy, which in this case will be entirely to the petitioner, since he is the sole distributee of the decedent.
At juxtaposition here are two philosophies of the law. On the one hand is the continuing philosophy backed by statute of the desirability of the free flow and alienation of property in the stream of society. Opposing that, in this case, is the nearly as strong concept of the law’s strong inclination, wherever possible, to abide by the expressed wishes of the testatrix. In seeking the construction and interpretation of the last will and testament of a decedent, the court must endeavor to determine the intent of the testator and once determined, that intent prevails over all considerations. (Matter of Scott, 8 NY2d 419; Matter of Howe, 15 AD2d 396, affd 12 NY2d 870.) This intent must be ascertained not from a single word or phrase, but from a sympathetic reading of the will as an *782 entirety and in view of all the facts and circumstances under which the provisions of the will were constructed. (Matter of Fabbri, 2 NY2d 236; Matter of Emberger, 31 AD2d 651, affd 25 NY2d 924; Matter of Thall, 18 NY2d 186.) As the Court of Appeals states in Matter of Thall (supra, at 192): "The first rule of testamentary construction, of course, is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole * * * If a 'general scheme’ be found, it is the duty of the courts to carry out the testator’s purpose”. When facing the conflict of testamentary intent versus the statute against perpetuities, the text writers have correctly observed: "[T]he modern tendency of the courts is to sustain so much of a gift as may be compatible with the particular intention of the testator and with his general testamentary plan, and to hold only such portions invalid as necessarily infringe the terms of the statute.” (30 Carmody-Wait 2d, NY Prac § 169:132, at 177; 7 Warren’s Heaton, Surrogate’s Courts § 22 [2] [b] [6th ed 1986 Supp].) This is also in accord with the general statutory presumption contained in EPTL 9-1.3 (b) that so far as the rule against perpetuities is concerned, the creator of the estate intended it to be valid. The Appellate Division has affirmed this philosophy in Matter of Krivan (32 AD2d 551) in which the court, giving paramount importance to the "clearly expressed” testamentary intent, held that it was "perfectly reasonable to read into” a trust, which violated the rule, a provision that the trust would continue until terminated by the income beneficiary’s death. (Also citing, Matter of Leto, 7 Misc 2d 400; Crooke v County of Kings, 97 NY 421; In re Colletti’s Will, 155 NYS2d 48.)
The Appellate Division in its decision in Matter of Krivan (supra) repudiates an opposite holding in a similar fact circumstance in Matter of Harrison (152 Misc 234, supra) decided in 1934 and cited by the petitioner in support of his contention. Additional cases cited by the petitioner, Matter of Morrison (173 Misc 503, supra); In re Fridenberg’s Estate (116 NYS2d 234) and Matter of Connor (37 Misc 2d 363), are dismissed by the Appellate Division in Krivan (supra) primarily on the basis that they were decided under the earlier more restrictive version of the rule against perpetuities than presently is in effect.
A sympathetic reading of Mrs. Moss’ will in its entirety and the testimony of the scrivener at the hearing clearly shows that Mrs. Moss desired to principally benefit her son, David, *783 but for reasons of her own choosing did not want David to receive the corpus of the trust in a lump sum, and indeed did not even permit principal invasion until the trust had reached a balance of $2,500.
The fact that the testatrix made no provision for payment over of the remainder of the trust in the event that the trust was still in existence at her son’s death does not invalidate it. (Matter of Abramson, 31 Misc 2d 870.)
Therefore, following the holding in Matter of Krivan (supra) and following the clear testamentary intent of Ruth Moss, this court construes the residuary testamentary trust set forth in clause second of the will to be a trust for the life of David A. Moss, with income in the amount of $500 to be paid to the beneficiary each month and any additional income to be accumulated and added to principal annually for the term of the trust. Upon David Moss’ death, the trust will terminate and the corpus of the trust, together with any accumulated income, shall pass to those persons entitled to receive David Moss’ property at that time, whether by will or by intestacy.
Under the court’s construction, there being no accumulation beyond the prescribed time contained in EPTL 9-1.1, there is, therefore, no violation of EPTL 9-2.1.